**Kenny Wk HO, Appellant,**

v.

**P.G. WOLFE, Appellee.**

**No. 07–84–0058–CV.**

Court of Appeals of Texas, Amarillo.

March 28, 1985.

Gary A. Ward, McCleskey, Harriger, Brazill & Graf, Lubbock, for appellant.

Donald M. Hunt, Carr, Evans, Fouts & Hunt, Lubbock, for appellee.

Before REYNOLDS, C.J., and COUNTISS and BOYD, JJ.

REYNOLDS, Chief Justice.

P.G. Wolfe brought this action against Kenny WK Ho for payment due under a contract of sale of restaurant property and inventory entered into by Wolfe, as seller, and Ho, as purchaser. Ho appeals from a judgment, rendered after a bench trial, decreeing that he pay Wolfe $3,500 plus $1,200 in attorney's fees. Determining that the trial court correctly rendered judgment, we affirm.

Ho and Wolfe entered into an agreement on 30 January 1981 for the sale of property and inventory of the Seven Seas restaurant, "described on Exhibit 'A' attached hereto and made a part hereof," for the sum of $7,000. An Exhibit "A" was never attached to the contract, but the parties are in agreement that the property and inventory purchased was that which was located both on the restaurant premises and at Wilkerson Storage Co. Ho subsequently took possession of the restaurant and the property located therein, but he did not pay Wolfe. Wilkerson Storage attempted to deliver the items in its possession to the restaurant; however, upon discovering the absence of eleven cases of shrimp from the delivery, which Ho believed he had purchased from Wolfe, Ho refused to accept the delivery.

The evidence revealed that the shrimp, valued by Ho to be worth $300 to $350 a case, along with twelve cases of gumbo,

had been removed from Wilkerson Storage by a previous manager of the restaurant prior to the execution of the contract. After a dispute arose concerning the inventory and property, Wolfe, apparently still believing and representing that the shrimp and gumbo were at Wilkerson Storage because they were listed on the 31 January 1981 storage bill, nevertheless told Ho's banker, Marshall Vose, Jr., who Ho appointed as his agent to renegotiate the contract, that he agreed to reduce the purchase price from $7,000 to $5,000. After discussing the reduction of price with Ho, and stating that he was under the impression that Ho had agreed to accept his offer, Wolfe drafted Ho's bank account for $5,000. However, payment of the draft was refused by Ho and Vose upon their determination that the shrimp and gumbo were no longer at Wilkerson Storage.

In its findings of fact and conclusions of law, the trial court found that Ho did not accept Wolfe's offer to reduce the price to be paid Wolfe, and that the parties did not modify, supersede or rescind the written contract. The court further found that Ho did not receive a portion of the goods and personal property which the parties contemplated would be delivered to him, resulting in a partial failure of consideration of the reasonable value of $3,500. The court concluded that Wolfe was entitled to recover $7,000 based upon the 30 January 1981 contract less a $3,500 offset for the partial failure of consideration. The court, acting on Wolfe's request that judicial knowledge be taken of usual and customary attorney's fees in the cause, determined that Wolfe was entitled to a reasonable attorney's fee of $1,200.

Ho contends in his first point of error that the contract is unenforceable because it did not include a specific description of the property or the quantity of inventory to be sold. Alternatively, Ho submits in and argues under his second point that he had a right to refuse the entire shipment from Wilkerson Storage because Wolfe failed to make a conforming tender of the delivery. In his third point Ho asserts that the trial court's finding that the parties did not mo-

dify, supersede or rescind the 30 January contract is against the great weight and preponderance of the evidence. Last, Ho contends the trial court erred in awarding attorney's fees to Wolfe because there is no evidence regarding the fees in the record.

■■■ It is decisive of Ho's first point of error that since the defense of unenforceability because of an insufficient property description was neither raised by Ho in his pleadings nor on trial of the cause, it cannot be asserted for the first time on appeal. *State of Cal. Dept. of M. Hgy. v. Bank of S.W. Nat. Ass'n*, 163 Tex. 314, 354 S.W.2d 576, 581 (1962); *Stewart v. Breese*, 367 S.W.2d 72, 73 (Tex.Civ.App.—Dallas 1963, writ dism'd). Moreover, even if we were to reach the merits of Ho's contention that the contract is unenforceable because it did not include specific descriptions or quantities, we would overrule the point.

Although the written contract itself did not describe the property with specificity nor provide the quantity, both parties knew, and there is no contention otherwise, that the items being sold were all of the inventory and property of the Seven Seas Restaurant located at the restaurant and Wilkerson Storage. Contemporaneous with the signing of the contract with Wolfe, Ho also executed a contract for his purchase of equipment of the same restaurant from the First National Bank of Lubbock. Ho inspected the inventory at the restaurant before signing the contracts and, rather than making an inspection of the goods in storage, he stated that he relied on Wolfe's representations, specifically that, among other items, there were eleven cases of shrimp. A bill of sale, although whether it was ever delivered to Ho is uncertain, was executed on 10 February 1981 by South Plains Seafood, Inc. and P.G. Wolfe acknowledging the sale and delivery of "[a]ll inventory located on the premises of Seven Seas Restaurant, 1607–50th Street, Lubbock, Texas, and all inventory of Seven Seas Restaurant located at Wilkerson Cold Storage."

Therefore, in any event, the above evidence shows there was no doubt in the minds of the parties as to the identity of the inventory and property involved, *see Flow v. Friesen,* 213 S.W.2d 873, 875 (Tex. Civ.App.—San Antonio 1948, writ ref'd n.r. e.), and although the goods sold were not itemized, this does not make the contract unenforceable because the parol evidence and conduct of the parties removed any uncertainty as to what was purchased. *Id.; Beall v. Hardwicke-Etter Company,* 460 S.W.2d 516, 519 (Tex.Civ.App.—Waco 1970, writ dism'd). Point of error one is overruled.

Ho argues under his second point that he was within his rights to reject the entire delivery from Wilkerson as a nonconforming tender under section 2.601 of the Uniform Commercial Code (Vernon 1968), and therefore the judgment against him is inconsistent with section 2.601. In this connection, the Code provides that

if the goods or the tender of delivery fail in any respect to conform to the contract, the buyer may

    (1) reject the whole; or

    (2) accept the whole; or

    (3) accept any commercial unit or units and reject the rest.

Tex.Bus. & Com.Code Ann. § 2.601 (Vernon 1968).

■ Therefore, even assuming that Ho was entitled to reject the Wilkerson Storage delivery, a part of the tender of the goods sold, the evidence conclusively shows that he did take and retain possession of the tendered goods located at the restaurant. A buyer's rejection of goods must be clear and unambiguous, *Explorers Motor Home Corp. v. Aldridge,* 541 S.W.2d 851, 854 (Tex.Civ.App.—Beaumont 1976, writ ref'd n.r.e.), and the determination of what actions amount to an acceptance or rejection in a particular case is generally made by the trier of fact. *Wilson v. Remmel Cattle Co., Inc.,* 542 S.W.2d 938, 941 (Tex.Civ.App.—Amarillo 1976, writ ref'd n.r.e.); *Pacific Products v. Great Western Plywood,* 528 S.W.2d 286, 295 (Tex.Civ.App.—Fort Worth 1975, no writ).

The receipt and retention of the goods tendered by delivery have been held sufficient to constitute an acceptance under section 2.606(a) of the Texas Business and Commerce Code Annotated (Vernon 1968). *Stone v. Metro Restaurant Supply, Inc.,* 629 S.W.2d 254, 257 (Tex.Civ.App.—Fort Worth 1982, writ ref'd n.r.e.).

■ The trial court found in its second finding that Ho refused to accept only "a portion" of the inventory, and in its sixth finding that Ho "did not receive a portion of the goods and personal property," which findings remain unchallenged. Further, there is no testimony that Ho rejected the goods located at the restaurant, and there was uncontroverted testimony that Ho and Vose attempted to sell or trade some of those items. This physical possession and exercise of dominion of the goods by Ho sufficiently supports the trial court's implied finding of a partial acceptance. *See Explorers Motor Home Corp. v. Aldridge, supra* at 853. Generally, a buyer must pay the contract rate for any goods accepted, *Cox v. Mesa Petroleum Co.,* 572 S.W.2d 110, 112 (Tex.Civ.App.—Amarillo 1978, writ ref'd n.r.e.), and there is no complaint that the offset of $3,500 awarded by the trial court for the partial failure of consideration is unjust or inaccurate. Point of error two is overruled.

■ In his third point, Ho challenges the factual sufficiency of the evidence to support the trial court's finding of fact number five that the parties did not modify, supersede, or rescind the 30 January 1981 contract. Ho argues that the parties subsequently orally agreed to rescind the contract when Wolfe redelivered the contract to Vose, Ho's banker and agent for the transaction, and they agreed that $5,000 would be a fair market value for the inventory. However, Vose testified that he agreed that $5,000 was a good price on the condition that the eleven cases of shrimp and twelve cases of gumbo were in storage as represented by Wolfe. Vose stated he did not authorize Wolfe to draft Ho's bank account, and when it was determined the shrimp and gumbo were not there, the

draft was returned to Wolfe unpaid. Ho did not testify to any facts evincing that a second contract was made, nor that the written agreement was rescinded. The above evidence supports the trial court's second factual finding that Ho did not accept Wolfe's offer to reduce the price, which unchallenged finding we are, in any event, bound to accept. *Adams v. American Quarterhorse Ass'n*, 583 S.W.2d 828, 833 (Tex.Civ.App.—Amarillo 1979, writ ref'd n.r.e.).

■ The finding that Ho rejected Wolfe's offer to reduce the contract price vitiates his contention that the written contract was modified or rescinded. This obtains because to effect a rescission or modification there must be an acceptance of an offer therefor. *Texas Gas Utilities Company v. Barrett*, 460 S.W.2d 409, 414–15 (Tex.1970); *Mandril v. Kasishke*, 620 S.W.2d 238, 244 (Tex.Civ.App.—Amarillo 1981, writ ref'd n.r.e.). Hence, after reviewing all of the evidence we do not find that the evidence supporting the trial court's finding that the contract was not modified or rescinded to be so weak or the evidence to the contrary so overwhelming that the finding should be set aside. *Garza v. Alviar*, 395 S.W.2d 821, 823 (Tex. 1965). Point of error three is overruled.

Wolfe pleaded his entitlement to $1,500 as reasonable attorney's fees in his action on the contract. On trial of the cause, Wolfe's attorney requested, without objection by Ho, that, by the authority of article 2226,[1] the court take judicial knowledge or notice of the work done in the file and to set whatever it considered to be a reasonable fee. No other evidence regarding attorney's fees was presented. The court awarded Wolfe $1,200 as reasonable attorney's fees.

The court erred in awarding attorney's fees, Ho charges in his last point of error, because there is no evidence in the record regarding attorney's fees. Ho does not argue that the attorney's fees awarded by the trial court are unreasonable or excessive; rather, he contends that the trial court does not have authority to take notice of the reasonableness and amount of attorney's fees, and that the award of fees must be based upon testimony within the record.[2]

■ Although prior case law required testimony of the reasonableness of attorney's fees, *see Great American Insurance Co. v. Britton*, 406 S.W.2d 901 (Tex.1966), article 2226 as amended in 1979 now provides that

where the issue of amount of attorney's fees is submitted to the court for determination by agreement, the court may in its discretion take judicial knowledge of the usual and customary fees in such matters and of the contents of the case file without receiving further evidence.

It is clear that the legislature intended for the "judicial knowledge of the usual and customary fees ... and of the contents of the case file" to constitute some evidence on which an award of attorney's fees may be based, *accord, Coward v. Gateway Nat. Bank of Beaumont*, 525 S.W.2d 857, 859 (Tex.1975); *Bethel v. Butler Drilling Co.*, 635 S.W.2d 834, 841 (Tex.Civ.App.—Houston 1982, writ ref'd n.r.e.), as evinced by its succedent use of the phrase "without receiving *further* evidence." Article 2226 (emphasis added). Thus, if, as here, the court exercises the discretion granted by the article to judicially notice the usual and customary attorney's fees applicable to the contents of the case file, sufficient evidence exists for the court to make a determination of the amount of attorney's fees even

---

1. Tex.Rev.Civ.Stat.Ann. art. 2226 (Vernon Supp. 1985).

2. In submitting his contention, Ho relies on *Bullock v. Foster Cathead Co.*, 631 S.W.2d 208 (Tex.Civ.App.—Corpus Christi 1982, no writ) and *Redisco, Inc. v. Laredo Mopac Employees Credit Union*, 516 S.W.2d 197 (Tex.Civ.App.— San Antonio 1974, no writ) for the proposition

that the court does not have authority to adjudicate the reasonableness of attorney's fees on judicial knowledge without the benefit of evidence. However, *Bullock* and *Redisco* involved garnishment proceedings in which article 2226 was not mentioned in addressing the issue of attorney's fees.

if no other evidence is offered. *Accord, Coward v. Gateway Nat. Bank of Beaumont, supra.* It follows that Ho's no evidence complaint is unavailing. *Glover v. Texas Gen. Indem. Co.,* 619 S.W.2d 400, 401–02 (Tex.1981).

■ Moreover, the allowance of attorney's fees being within the sound discretion of the trial court, the judgment will not be reversed without a clear showing of abuse of discretion. *Espinoza v. Victoria Bank & Trust,* 572 S.W.2d 816, 828 (Tex.Civ.App. —Corpus Christi 1978, writ ref'd n.r.e.). Ho has not charged the trial court with an abuse of discretion in making the award of attorney's fees. Point of error four is overruled.

The judgment of the trial court is affirmed.