**TESORO PETROLEUM CORPORATION,
Appellant,**

v.

**COASTAL REFINING &
MARKETING, INC., Appellee.**

No. 01–87–01049–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

June 16, 1988.

Rehearing Denied Aug. 4, 1988.

Christopher W. Byrd, Vinson & Elkins, Houston, for appellant.

Neil Bowman, Houston, for appellee.

Before EVANS, C.J., and SAM BASS and DUNN, JJ.

## OPINION

EVANS, Chief Justice.

This is an appeal from a summary judgment awarding attorney's fees to the appellee.

The appellee brought this suit in August 1979 for monies allegedly owed as a result of certain gas sale transactions and the duplicate payment of one invoice. The trial court granted the appellee a partial summary judgment, awarding the sum of $2,249,100 as the principal amount due as a result of the duplicate payment and the sum of $1,070,325.12 as prejudgment interest. Thereafter, the court severed the cause on the duplicate payment from the cause on the other sales transactions, granted a final summary judgment on the severed cause, and awarded attorney's fees in the amount of $224,910. The appellant has not appealed the court's award of the principal sum and prejudgment interest, and on this appeal, it complains only of that portion of the judgment awarding attorney's fees.

In four points of error, the appellant contends that the appellee did not, as a matter of law, show its entitlement to attorney's fees; that the attorney's fees can-

not, as a matter of law, be awarded; that there is a genuine issue of material fact with respect to the appellee's entitlement to attorney's fees; and that the court's order of severance was improper because of the dispute regarding attorney's fees.

The appellant's motion for summary judgment is supported by the affidavit of Mr. Robert E. Walls, an attorney, who testified that he had actively handled the prosecution of the suit, that the usual and customary attorney's fees in such an action could be a contingency fee ranging from 25% to as much as 35% of the principal amount; that attorney's fees of 10% were often stipulated as contractual attorney's fees in promissory notes or other contracts in Harris County; and that fair and reasonable attorney's fees in this case would be at least the amount of 10% of the principal amount admittedly owed by the appellant.

The appellant's attorney submitted a controverting affidavit in which he stated that he had been principally responsible for the defense of the suit since 1983 and had participated in all the discovery that had taken place since that time; that the affidavit of appellee's attorney would not support an award of attorney's fees for $224,910 because the attorney did not itemize the services performed, the hours expended, and a proposed hourly rate; and that based on his experience and knowledge, the sum of $224,910, or 10% of the principal amount owed, would not be a fair and reasonable attorney's fee in this case. He further stated that in his experience, the award of attorney's fees was based upon an evaluation of a number of factors, including the work performed and efforts required of counsel for the prevailing party, and in the absence of an express contractual provision, a percentage of the recovery was not automatically awarded as attorney's fees. He stated that, based on his knowledge of the efforts of counsel for the appellee, the sum requested would be far in excess of a reasonable fee for the services performed.

■ A person may recover reasonable attorney's fees, in addition to the amount of a valid claim and cost, where the claim is based on either a sworn account or an oral or written contract. Tex.Civ.Prac. & Rem. Code Ann. sec. 38.001(7), (8) (Vernon 1986). A suit on an account includes any claim for a liquidated money demand based on a written contract or founded on business dealings between the parties. Tex.R.Civ.P. 185. The appellee's petition in this case indicates the nature of the suit as being one on account. To recover attorney's fees under section 38.001, the claimant must be represented by an attorney; he must have presented his claim to the opposing party or that party's duly authorized agent; and payment must not have been tendered before the expiration of 30 days after the presentment of the claim. See Tex.Civ. Prac. & Rem.Code Ann. sec. 38.002 (Vernon 1986). Where a claim for attorney's fees is based on this statute, it is presumed that the usual and customary attorney's fees are reasonable, although that presumption may be rebutted. Tex.Civ.Prac. & Rem. Code Ann. sec. 38.003 (Vernon 1986). The statute further provides that the court may take judicial notice of the usual and customary attorney's fees and of the contents of the case file without receiving further evidence, if the proceeding is before the court or, in a jury case, if the amount of attorney's fees is submitted to the court by agreement. Tex.Civ.Prac. & Rem.Code Ann. sec. 38.004 (Vernon 1986).

Because the appellee's petition states a claim covered by the statute, we overrule the appellant's contention, asserted under appellant's third point of error, that there is no legal basis for an award of attorney's fees.

■ We also overrule the appellant's argument, also asserted under its third point of error, that the award of attorney's fees for the services of its in-house counsel violates public policy and the Code of Professional Responsibility. Although we find no Texas cases on point, we are persuaded by other authority that a successful claimant may recover attorney's fees for in-house counsel. These courts have found that the award of reasonable attorney's fees for services performed by in-house counsel compensates the prevailing party for time counsel could have spent on other corpo-

rate matters. *Textor v. Board of Regents,* 711 F.2d 1387, 1396–97 (7th Cir.1983); *Scott Paper Co. v. Moore Business Forms, Inc.,* 604 F.Supp. 835, 837 (D.Del.1984); *see also PPG Ind., Inc. v. Celanese Polymer Specialties Co.,* 840 F.2d 1565, 1569–70 (Fed.Cir.1988); *Pittsburgh Plate Glass Co. v. Fidelity & Cas. Co.,* 281 F.2d 538, 542 (3d Cir.1960). The reasoning of these cases is in keeping with the rationale of section 38.001.

We next move to consideration of the appellant's contention that the appellee failed to prove its entitlement, as a matter of law, to attorney's fees, and that a genuine issue of material fact precluded the entry of a summary judgment.

■ The reasonableness of attorney's fees is generally a question of fact. *Great American Reserve Ins. Co. v. Britton,* 406 S.W.2d 901, 907 (Tex.1966); *Nguyen Ngoc Giao v. Smith & Lamm, P.C.,* 714 S.W.2d 144, 148 (Tex.App.—Houston [1st Dist.] 1986, no writ). The affidavit of the attorney representing a claimant constitutes expert testimony that will support an award of attorney's fees in a summary judgment proceeding. *General Specialties, Inc. v. Charter Nat'l Bank,* 687 S.W.2d 772, 774 (Tex.App.—Houston [14th Dist.] 1985, no writ).

■ Here, the affidavit of appellee's attorney established a prima facia case for a recovery of the stated amount of attorney's fees, and in the absence of controverting evidence, the affidavit would support the court's summary judgment. *See Ho v. Wolfe,* 688 S.W.2d 693 (Tex.App.—Amarillo 1985, no writ); *Bethel v. Butler Drilling Co.,* 635 S.W.2d 834, 841 (Tex.App.—Houston [14th Dist.] 1982, writ ref'd n.r.e.). But the affidavit of appellant's counsel constituted controverting expert testimony that raised a genuine issue of material fact that rebutted the appellee's summary judgment proof. Although section 38.004 authorizes a court to take judicial notice of the usual and customary attorney's fees and of the contents of the case file without receiving further evidence in a non-jury proceeding, the statute simply permits a court to base an award of attorney's fees on such "evi-dence." *See Ho v. Wolfe,* 688 S.W.2d at 697. The statute does not provide that the trial court's taking "judicial notice" shall be deemed conclusive proof in the face of controverting evidence. In a summary judgment proceeding, the movant must not only offer evidence in support of his claim for attorney's fees; the proffered evidence must be uncontroverted. Here, the affidavit of the appellee's attorney was directly controverted on the issue of whether the attorney's fees were reasonable. We accordingly sustain the appellant's first and second points of error.

■ We overrule the appellant's fourth point of error in which it argues that trial court erred in severing the cause of action on the duplicate payment from the cause of action on the other sales transactions because of the dispute on the issue of attorney's fees. The appellee's claim for a refund of the duplicate payment is clearly severable from the action on the other issues. The claim on the duplicate payment has been concluded by a final judgment, from which no appeal has been taken, and attorney's fees are recoverable for the prosecution of that claim. Thus, the claim for attorney's fees should be remanded to the court for further determination. *See Caldwell & Hurst v. Myers,* 714 S.W.2d 63, 66 (Tex.App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.); *Leal v. Leal,* 628 S.W.2d 168, 171 (Tex.App.—San Antonio 1982, no writ).

The trial court's partial summary judgment awarding attorney's fees is reversed, and that matter is remanded to the trial court for further proceedings; otherwise, the judgment is affirmed. The costs of this appeal will be assessed one-half against the appellant and one-half against the appellee.