Opinion issued December 14, 2006









In The

Court of Appeals

For The

First District of Texas






NO. 01-03-01214-CV






VOLUME MILLWORK, INC., Appellant


V.


WEST HOUSTON AIRPORT CORPORATION, Appellee






On Appeal from County Civil Court at Law No. 1

Harris County, Texas

Trial Court Cause No. 766571





OPINION ON MOTION FOR REHEARING


 We issued our opinion in this case on August 3, 2006. Appellant, Volume
Millwork, Inc., has filed a motion for rehearing of our opinion and judgment of
August 3, 2006, and appellee, West Houston Airport Corporation, has filed a response
at our request. We grant rehearing, withdraw our opinion and judgment of August
3, 2006, and issue this opinion and accompanying judgment in their stead. 

 This is an eviction case resolved by forcible-entry-and-detainer in justice court
and appealed by the tenant for trial de novo to county court, the trial court here. 
Appellant, Volume Millwork, Inc. (tenant), presents four issues challenging the
judgment of the trial court. Tenant's first two issues challenge the interlocutory
summary judgment rendered on the issues of the rights of appellee, West Houston
Airport Corporation (landlord) to sue tenant and to possess the leased premises. 
Tenant's remaining issues challenge the legal and factual sufficiency of the evidence
submitted to the trial court to support the damages and attorney's fees awarded to
landlord. Because tenant's first two issues challenge landlord's right of possession
to commercial premises, section 24.007 of the Property Code deprives us of
jurisdiction to review those issues. (1) Accordingly, we dismiss tenant's appeal of
issues one and two. We affirm the judgment of the trial court in all other respects. 

Background


 Pelican Importing & Exporting Company, the previous owner of real property
at the West Houston Airport Subdivision, also owned a hangar that the company had
built on lots G-4 and G-5 of the subdivision. Tenant leased the hangar from Pelican
in June 1997 for a term of five years that would expire on July 1, 2002, unless
terminated earlier, at a base monthly rental payment of $3,600.00. The lease terms
included late-payment fees, rental adjustments to compensate for increases in
property taxes, and provisions for attorney's fees in the event of litigation arising
from the lease. On November 29, 2001, Pelican transferred the airport property,
including the hangar on lots G-4 and G-5, to the Woodrow V. Lesikar Family Trust
(the trust). On the same day, Pelican assigned tenant's lease to the trust, which
assumed Pelican's rights and duties as landlord under the lease with tenant. 

 On November 30, 2001, Woody Lesikar, in his capacity as landlord's manager,
notified tenant that landlord would henceforward be collecting the rent due under the
terms of tenant's existing lease with Pelican. Seven days later, landlord's counsel
issued a notice informing tenant that it had defaulted on the lease, with respect to both
payments and use of the premises, and would be required to vacate unless tenant
complied with the lease provisions. See Tex. Prop. Code Ann. § 24.005 (Vernon
2000) (requiring notice as predicate to filing eviction suit). Notice of default proved
ineffective, and landlord filed a forcible-entry-and-detainer action in justice court. 
Tenant did not appear, and landlord prevailed by default and was issued a writ of
possession, in accordance with section 24.0061 of the Property Code and rule 748 of
the Rules of Civil Procedure. (2) See Tex. Prop. Code Ann. § 24.0061 (Vernon 2000);
Tex. R. Civ. P. 748. 

 After posting bond in compliance with Tex. R. Civ. P. 571, tenant appealed the
justice court's ruling by trial de novo to the trial court, County Civil Court No.1 of
Harris County. See Tex. Gov't Code Ann. §§ 25.0003(a), 26.042(e) (Vernon 2004);
Tex. R. Civ. P. 574b, 749. Landlord again prevailed, by interlocutory summary
judgment, on its right to possess the leased premises. The summary judgment
evidence included the affidavit of Woody K. Lesikar, in his capacity of president of
landlord, in which he explained that the trust had assigned its rights in the lease to
landlord in exchange for management of the premises. Landlord had also moved for
summary judgment on its claims for damages for unpaid holdover rent and attorney's
fees, but the parties tried these issues to the court after tenant opposed landlord's
motion for summary judgment. Landlord prevailed again, and the trial court rendered
a final judgment, from which tenant appeals.

 The final judgment of the county court premised landlord's recovery on the
terms recited in tenant's lease with Pelican, whose obligations landlord had assumed
by assignment from the trust. The judgment awarded landlord $15,624.00 in unpaid
holdover rent after July 1, 2002, when the lease expired on its own terms, based on the
$3,600.00 monthly rental stated in the lease. In addition, and again pursuant to the
terms of the lease, the judgment awarded landlord $200.00 for two unpaid delinquent
penalty payments, and an additional $1,289.97 for the difference between property
taxes assessed for 2001-2002, the year in which the lease expired, and those assessed
in 1997, when the lease term began. The judgment thus awarded landlord $17,113.97
for total, unpaid rent under the terms stated in the lease. The judgment also awarded
landlord a total of $28,623.10 for attorney's fees, pursuant to section 24.006 of the
Property Code, section 38.001(8) of the Civil Practice and Remedies Code, and rule
752 of the Rules of Civil Procedure. Tex. Prop. Code Ann. § 24.006 (Vernon 2000);
Tex. Civ. Prac. & Rem. Code Ann. § 38.001(8) (Vernon Supp. 2006); Tex. R. Civ.
P. 752.

 Tenant superseded the judgment, in compliance with rule 749, by filing a
$52,592.16 cash deposit with the Harris County clerk, and perfected its appeal to this
Court to challenge the county court's determinations on the issue of possession and
the award of damages and attorney's fees to landlord. See Tex. Prop. Code Ann. §
24.007 (Vernon 2000). The record on appeal contains the reporter's record of the trial
on landlord's damages and attorney's fees. No party requested findings of fact and
conclusions of law, and none were filed. 

No Jurisdiction to Review Possession or Issues Essential to Possession


 Tenant's first issue challenges landlord's capacity to evict tenant from the
hangar premises by bringing the forcible-entry-and-detainer action. Tenant's second
issue challenges the interlocutory summary judgment awarding possession of the
hangar to landlord. Section 24.007 of the Property Code deprives this Court of
jurisdiction to address either of these issues. See Tex. Prop. Code Ann. § 24.007. (3)

 Subject-matter jurisdiction cannot be conferred by consent, waiver, or estoppel
at any stage of a proceeding. See Saudi v. Brieven, 176 S.W.3d 108, 110 (Tex.
App.--Houston [1st Dist.] 2004, no pet.); Tourneau Houston, Inc. v. Harris County
Appraisal Dist., 24 S.W.3d 907, 910 (Tex. App.--Houston [1st Dist.] 2000, no pet.)
(citing Fed. Underwriters Exch. v. Pugh, 174 S.W.2d 598, 600 (Tex. 1943)). Lack
of subject-matter jurisdiction is fundamental error that this Court may properly raise
and recognize sua sponte. See Saudi, 176 S.W.3d at 113. A court's lack of
jurisdiction over the subject matter renders a judgment void and requires dismissal of
the cause. State ex rel. Latty v. Owens, 907 S.W.2d 484, 485-86 (Tex. 1995); Tex.
Ass'n of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 446 (Tex. 1993); Saudi, 176
S.W.3d at 113.

 The Texas Constitution and the Legislature vest courts of appeals with
jurisdiction over civil appeals from final judgments of district and county courts,
provided the amount in controversy or the judgment exceeds $100. Tex. Const. art.
V, § 6(a); Tex. Civ. Prac. & Rem. Code Ann. § 51.012 (Vernon 1997); Tex. Gov't
Code Ann. § 22.220(a) (Vernon 2004). See Sultan v. Mathew, 178 S.W.3d 747, 752
(Tex. 2005). The constitutionally authorized right of appeal may be limited, however,
by "such restrictions and regulations as may be prescribed by law[,]" specifically, by
legislative action. Sultan, 178 S.W.3d at 752 (quoting Tex. Const. art. V, § 6(a))
emphasis in original). Thus, "'the principle is fixed that the Legislature has the power
to limit the right of appeal.'" Id. (quoting Seale v. McCallum, 287 S.W. 45, 47 (Tex.
1926)). 

 Forcible-entry-and-detainer actions provide a speedy, summary, and
inexpensive determination of the right to the immediate possession of real property. 
Scott v. Hewitt, 90 S.W.2d 816, 818-19 (Tex. 1936); Gibson v. Dynegy Midstream
Servs. 138 S.W.3d 518, 522 (Tex. App.--Fort Worth 2004, no pet.). In keeping with
this purpose, the Legislature has exercised its authority to limit this Court's
jurisdiction in appeals from forcible-entry-and-detainer eviction proceedings by
enacting section 24.007 of the Property Code, pursuant to which, "A final judgment
of a county court in an eviction suit may not be appealed on the issue of possession
unless the premises in question are being used for residential purposes only." Tex.
Prop. Code Ann. § 24.007 (emphasis added); see also Chang v. Resolution Trust
Corp., 814 S.W.2d 543, 545 (Tex. App.--Houston [1st Dist.] 1991) (orig. proceeding)
(declining to grant injunctive relief or writ of prohibition sought to protect pending
appellate jurisdiction because court of appeals had no pending appellate jurisdiction
to protect over judgment in forcible-entry-and-detainer action that awarded possession
of commercial property); Carlson's Hill Country Beverage, L.C. v. Westinghouse
Road Joint Venture, 957 S.W.2d 951, 952-53 (Tex. App.--Austin 1997, no pet.)
(concluding that section 24.007 precluded appellate review, not only of issue of
possession of commercial premises, but also of "any finding essential to the issue of
possession"). 

 It is undisputed that tenant used the property at issue, a hangar on landlord's
premises, as its business location and thus exclusively for commercial purposes and
not residential purposes. After the justice court awarded possession to landlord, tenant
appealed that issue for trial de novo to the county court below, which again awarded
possession to landlord. We have no jurisdiction, therefore, to review either the county
court's determination on the issue of landlord's possession of the hangar or any
finding by the trial court that is essential to the issue of possession of the hangar. Tex.
Prop. Code Ann. § 24.007; Chang, 814 S.W.2d at 545; Carlson's Hill Country
Beverage, L.C., 957 S.W.2d at 952-53. 

 Tenant's first issue challenges landlord's legal capacity to bring the forcible-entry-and-detainer action to evict tenant. Tenant presented its challenges by means
of a rule 12 motion to show authority. See Tex. R. Civ. P. 12. The trial court denied
tenant's challenge and resolved this issue in favor of landlord, thus permitting landlord
to proceed in the trial de novo. Landlord's capacity, or legal authority, to proceed to
evict tenant by forcible-entry-and-detainer was thus a finding by the trial court that
was essential to the issue of possession. See Carlson's Hill Country Beverage, L.C.,
957 S.W.2d at 953. Because landlord's capacity or authority to proceed against tenant
was an essential finding on the issue of possession, section 24.007 precludes our
exercising jurisdiction to address tenant's first issue as well. (4) Tex. Prop. Code Ann.
§ 24.007; Carlson's Hill Country Beverage, L.C., 957 S.W.2d at 952-53. 

 Because tenant's first two issues challenge landlord's right to possess, or are
essential to landlord's right to possess, a commercial premises, we dismiss tenant's
appeal as to those two issues.

Jurisdiction--County Civil Court at Law No. 1


 Tenant has submitted to the Court a supplemental letter brief, in which tenant
challenges the jurisdiction of the trial court , County Civil Court at Law No. 1, on trial
de novo. Landlord responded to these contentions at this Court's request. Tenant
contends that the county court impermissibly exceeded its jurisdiction on the trial de
novo, in violation of section 27.031 of the Government Code, because the amount of
the county court's judgment exceeded the $5,000.00 jurisdictional maximum of the
justice court. See Tex. Gov't Code Ann. § 27.031(a)(1) (Vernon 2004) (stating
jurisdictional limit of justice court); see also Garza v. Chavarria, 155 S.W.3d 252,
255, 258 Tex. App.--El Paso 2004, no pet.); Color Tile, Inc. v. Ramsey, 905 S.W.2d
620, 622 (Tex. App.--Houston [14th Dist.] 1995, no writ) (both stating that appellate
jurisdiction of county court at law confined to jurisdictional limits of justice court);
cf. Gibson, 138 S.W.3d at 521 (construing section 24.007 of Property Code as limited
to precluding review of commercial cases raising issue of possession). 

 To the extent that the county court may have lacked jurisdiction, this Court also
lacks jurisdiction and must dismiss tenant's cause entirely. (5) See Garza, 155 S.W.3d
at 252, 258; Color Tile, Inc., 905 S.W.2d at 622. If tenant's contention is correct, his
challenge pertains to our jurisdiction as well, and we address it for that reason, despite
tenant's having raised it for the first time on appeal. See Tex. Ass'n of Bus., 852
S.W.2d at 445; Saudi, 176 S.W.3d at 113; Garza, 155 S.W.3d at 258; Color Tile, Inc.,
905 S.W.2d at 622.

 Color Tile, Inc., on which tenant relies, does not apply. Like this case, Color
Tile, Inc., began as a suit in justice court. See Color Tile, Inc., 905 S.W.2d at 621. In
contrast to the forcible-entry-and-detainer action at issue here, however, Color Tile,
Inc. was an action for a balance due on a flooring contract. See id. Although Ramsey,
the buyer, asserted defenses and counterclaims, Color Tile prevailed and recovered a
judgment for $1,179.50. Id. On appeal by trial de novo in county court, however,
Ramsey amended his pleadings to assert additional counterclaims, on which he
prevailed and recovered judgment that far exceeded the jurisdictional amount of the
justice-court judgment. See id. at 623 (citing Peek v. Equip. Serv. Co., 779 S.W.2d
802, 804 (Tex. 1989); United Fin. Corp. v. Quinn, 149 S.W.2d 148, 149 (Tex. Civ.
App.--Galveston 1941, writ dism'd). For that reason, our sister court dismissed Color
Tile's attempted appeal of the judgment awarding damages to Ramsey. Color Tile,
905 S.W.2d at 623. The El Paso Court of Appeals reached the same result in Garza,
155 S.W.3d at 258. 

 This case, however, arises under provisions of the Rules of Civil Procedure that 
exempt appeals to county court for trial de novo from justice-court forcible-entry-and-detainer determinations from the jurisdictional-amount limitations applied in cases like
Color Tile and Garza. Part VII of the Rules of Civil Procedure is entitled "Rules
Relating to Special Proceedings." Section 3 of part VII controls forcible-entry-and-detainer actions and therefore applies to this case. Tex. R. Civ. P. 749 authorizes an
appeal from a judgment of a justice court to "the county court of the county in which
the judgment is rendered." Tenant relied on rule 749 here in perfecting its appeal to
the county court and complied with the bond required by that rule. See id.; see also
Tex. R. Civ. P. 750 (stating form for appeal bond).

 Of particular importance to tenant's jurisdictional challenge here is rule 752,
which permits the prevailing party, on trial de novo to county court, to recover
"damages for withholding or defending possession of the premises during the
pendency of the appeal." See Tex. R. Civ. P. 752. "Damages may include but are not
limited to loss of rentals during the pendency of the appeal and reasonable attorney's
fees in the justice and county courts . . . ." Id.; see RCJ Liquidating Co. v. Village,
Ltd., 670 S.W.2d 643, 644 (Tex. 1984) (quoting rule 752 and predecessor statute to
Property Code section 24.007; further holding that tenant's failure to file appeal bond
deprived county court, and, therefore, appellate court, of jurisdiction). 

 Rule 752, which authorizes appeals by trial de novo to county court from
justice-court determinations in forcible-entry-and-detainer actions, thus authorizes
recovery of damages, "reasonable" attorney's fees, (6) and costs on trial de novo to
county court. See Tex. R. Civ. P. 752. Because rule 752 imposes no limits beyond
those stated in the rule, a judgment may, therefore, exceed the jurisdictional-amount
limitation that otherwise controls county-court adjudications on appeals by trial de
novo from justice court, as applied in Color Tile, Inc., and Garza. We therefore agree
that "nothing in the rules limits the damage claims joined in the county court to the
jurisdictional limits of the justice court." Carlson's Hill Country Beverage, 957
S.W.2d at 954; see also RCJ Liquidating Co., 670 S.W.2d at 644 (holding that court
of appeals incorrectly concluded that it and county court lacked jurisdiction due to
jurisdictional-amount limitation of justice court, but that appellate court's judgment
of dismissal was correct, because late-filed appeal bond deprived county court of
jurisdiction).

 Having sued for possession and prevailed in justice court, landlord properly
relied on rule 752 to pursue its additional damages, reasonable attorney's fees, and
costs, as authorized by that rule and section 24.007 of the Property Code, without
regard to the amount-in-controversy limitation of justice court. 

 We overrule the challenge to the jurisdiction of the trial court presented by
tenant's supplemental letter brief. 

Sufficiency of Evidence of Damages and Attorney's Fees


 Tenant's third and fourth issues challenge the legal and factual sufficiency of
the evidence to support the damages awarded landlord for loss of rental value and the
attorney's fees awarded landlord. 

A. Standard of Review

 Neither tenant nor landlord requested postjudgment findings of fact and
conclusions of law pursuant to Tex. R. Civ. P. 296, and the trial court filed none. 
Accordingly, the trial court's judgment implies all findings necessary to support it,
provided the necessary findings are raised by the pleadings and supported by the
evidence, See BMC Software Belgium, N.V. v. Marchand, 83 S.W.3d 789, 795 (Tex.
2002); Wade v. Comm'n for Lawyer Discipline, 961 S.W.2d 366, 374 (Tex.
App.--Houston [1st Dist.] 1997, no writ), and the decision can be sustained on any
reasonable theory consistent with the evidence and the governing law. Friedman v.
New Westbury Village Assocs., 787 S.W.2d 154, 157-58 (Tex. App.--Houston [1st
Dist.] 1990, no writ). Because the record on appeal contains a full reporter's record
of the trial, tenant may challenge the trial court's implied findings for legal and factual
sufficiency, under the same standards that govern challenges to a jury's findings. See
BMC, 83 S.W.3d at 795. (7) Tenant must, however, demonstrate that the trial court's
judgment cannot be sustained by any theory raised by the evidence. See Friedman,
787 S.W.2d at 158. 

 In City of Keller v. Wilson, 168 S.W.3d 802 (Tex. 2005), the supreme court
reexamined the standard of review for legal-sufficiency challenges. "The final test for
legal sufficiency," concluded the court, "must always be whether the evidence at trial
would enable reasonable and fair-minded people to reach the verdict under review." 
Id. at 827. "[L]egal-sufficiency review in the proper light must credit favorable
evidence if reasonable jurors could, and disregard contrary evidence unless reasonable
jurors could not." Id. If the evidence "would enable reasonable and fair-minded
people to differ in their conclusions, then jurors," and here, the trial court, as trier of
fact, "must be allowed to do so." See id. at 822. As long as the evidence falls within
the zone of reasonable disagreement, "[a] reviewing court cannot substitute its
judgment for that of the trier-of-fact." Id. at 822. Although the reviewing court must
"consider evidence in the light most favorable to the judgment, and indulge every
reasonable inference that would support it[,] . . . if the evidence allows of only one
inference, neither jurors nor the reviewing court may disregard it." Id.

 In determining factual sufficiency, this Court weighs all the evidence, both
supporting and conflicting, and may set the finding aside only if it is so contrary to the
overwhelming weight of the evidence as to be clearly wrong and manifestly unjust. 
Cain v. Bain, 709 S.W.2d 175, 176 (Tex. 1986); Comm'n of Contracts v. Arriba Ltd.,
882 S.W.2d 576, 582 (Tex. App.--Houston [1st Dist.] 1994, no writ). In an appeal
from a bench trial, we may not invade the fact-finding role of the trial court, who alone
determines the credibility of the witnesses, the weight to give their testimony, and
whether to accept or reject all or any part of that testimony. Nordstrom v. Nordstrom,
965 S.W.2d 575, 580-81 (Tex. App.--Houston [1st Dist.] 1997, pet denied).

B. Damages

 Tenant challenges the legal and factual sufficiency of the evidence to support
the damages awarded to landlord. Tenant asserts that the trial court should have
disregarded the testimony from Woody K. Lesikar because his testimony was
inadmissible, and that the only remaining evidence about damages was the lease,
which tenant claims is no evidence of damages.

 Although not set out in findings of fact and conclusions of law, the trial court
impliedly concluded that the lease was valid and impliedly found both that tenant
breached the lease by holding over in its tenancy after the lease term expired and that
landlord was entitled to holdover damages. However, tenant asserts that the trial court
erred by admitting the lease into evidence and by considering the terms of the lease
in assessing the amount of damages awarded. Tenant cites to Hart v. Keller Props.,
567 S.W.2d 888 (Tex. Civ. App.--Dallas 1978, no writ), as authority for its claim that
the lease is inadmissible evidence. In Hart, the trial court "rendered judgment against
the lessee . . . based on a provision in the lease for a payment of three times the rent
otherwise provided as a penalty for withholding possession." Id. The court held that
the lease was inadmissible because the measure of damages is "reasonable rental
value," rather than the penalty stated in the lease. Id. But the court did not address
whether the lease was admissible as evidence of reasonable rental value. Id. at 889. 
The court stated, "We do not pass on . . . whether the monthly rental provided in the
lease would be admissible as evidence of reasonable rental value . . . ."  Id. at 889. 
Hart, therefore, does not hold that a lease is inadmissible as evidence of reasonable
rental value. Id. We conclude that the trial court properly considered the terms in the
lease agreement between the parties as evidence of reasonable rental value for the
premises. See Standard Container Corp. v. Dragon Realty, 683 S.W.2d 45, 47 (Tex. 
App.--Dallas 1984, writ ref'd n.r.e.) (holding that trial court properly awarded
damages for holdover rent that was in accordance with the monthly rate stated in the
lease agreement). 

 The lease provided that after the expiration of the lease, unpaid holdover rent
would be based on a $3,600.00 monthly rental, unpaid delinquency fees, and an
increase in property taxes. It is undisputed that tenant owed holdover rent from July
1, 2002, when the lease expired by its own terms, until landlord obtained its writ of
possession. Under the terms of the lease, the total amount due for unpaid rent, unpaid
fees, and property taxes was $17,113.97. The final judgment of the county court
awarded $17,113.97 in damages to landlord.

 We conclude that the trial court impliedly found that the amount of reasonable
rental value for the premises was the amount set forth in the lease. The trial court thus
impliedly disregarded the testimony by Lesikar that $10,000 per month was the
reasonable rental value of the hangar. Because nothing in the record suggests that the
trial court relied on Lesikar's testimony to assess damages, we need not determine
whether the trial court erred by overruling tenant's objections to Lesikar's testimony. 
 On applying the legal-sufficiency standards recently stated in City of Keller, 168
S.W.3d at 827, we hold that the evidence on which the trial court relied, which was
derived from the lease terms, would enable reasonable and fair-minded persons to
award landlord the damages awarded here by the trial court. See id. at 827. Because
this evidence permits only one inference, specifically, the damages awarded to
landlord here, the trial court could not disregard it and we may not disregard it. See
id. at 814, 817. On reviewing the same evidence for factual sufficiency, we hold there
is no basis on which to conclude that the award of $17,113.97 in damages to landlord
is so contrary to the overwhelming weight of the evidence that the award is clearly
wrong and manifestly unjust. See Cain, 709 S.W.2d at 176; Arriba Ltd., 882 S.W.2d
at 582. We therefore conclude that tenant has not met its burden to demonstrate that
the trial court's judgment awarding landlord $17,113.97 in damages cannot be
sustained by any theory raised by the evidence. See Friedman, 787 S.W.2d at 158.

 Having thus concluded that the evidence is both legally and factually sufficient
to support the award of $17,113.97 in damages to landlord, we overrule tenant's third
issue.

C. Attorney's Fees

 Tenant's fourth issue challenges the legal and factual sufficiency of the
evidence to support the $28,623.10 award to landlord as attorney's fees. We review
these challenges under the standards and scope of review stated above. See Friedman,
787 S.W.2d at 157-58. Here, recovery of attorney's fees is permitted by section
24.006 of the Property Code, section 38.001(8) of the Civil Practice and Remedies
Code, and rule 752 of the Rules of Civil Procedure. See Tex. Prop. Code Ann. §
24.006 (Vernon 2000) (authorizing recovery of reasonable attorney's fees to landlord
evicting tenant provided statutory notice given); Tex. Civ. Prac. & Rem. Code Ann.
§ 38.001(8) (Vernon Supp. 2006) (authorizing recovery of reasonable attorney's fees
and cost to prevailing party in suit on written or oral contract); Tex. R. Civ. P. 752
(authorizing recovery of reasonable attorney's fees and costs, provided requirements
of section 24.006 of Property Code met). Because landlord prevailed on its breach-of-contract claim, the trial court had a mandatory duty to award attorney's fees pursuant
to chapter 38. See Bocquet v. Herring, 972 S.W.2d 19, 20 (Tex. 1998). In addition,
the lease provisions authorized recovery of attorney's fees. 

 The trial-court judgment cites both statutes and rule 752 as authorizing the
attorney's fees award, and the judgment recites the trial court's express finding that
landlord "incurred reasonable and necessary attorney's fees in seeking and obtaining
possession of the hangar and seeking and obtaining recovery of other damages related
to obtaining possession (i.e. unpaid rent) which totaled $28,623.10." In addition, the
judgment identifies seven different proceedings in which landlord incurred attorney's
fees and specifies an award for each proceeding. These proceedings and respective
allocations of fees include the following: those before the justice court ($2,541),
pretrial proceedings in the trial court ($5,500), responding to tenant's unsuccessful
motion to show authority ($10,487.50), preparing landlord's motion for summary
judgment ($3,730), responding to tenant's unsuccessful plea in abatement ($2,354.60),
trial preparation and trial of the case to conclusion ($3,500), and posttrial matters
relating to securing entry of judgment ($1,500). 

 An award of attorney's fees must be supported by evidence that the fees were
both reasonable and necessary. See Stewart Title Guar. Co. v. Sterling, 822 S.W.2d
1, 10 (Tex. 1991). A trial court determines the reasonableness of an attorney's fee
award by considering the factors enumerated in Arthur Andersen & Co. v. Perry
Equip. Corp., 945 S.W.2d 812, 818 (Tex. 1997) (citing Tex. Disciplinary R. Prof.
Conduct 1.04(b), reprinted in Tex. Gov't Code tit. 2, subtit. G app. (State Bar
Rules, art. X, § 9) (listing "factors that may be considered in determining the
reasonableness" of a fee, but without excluding other relevant factors)). See C.M.
Asfahl Agency v. Tensor, Inc., 135 S.W.3d 768, 801-02 (Tex. App.--Houston [1st
Dist.] 2004, no pet.) (quoting Andersen factors). 

 On appeal, tenant asserts that the evidence is legally insufficient because (1)
landlord's counsel's testimony impermissibly relied on the excluded billing records
and was thus inadmissible, and (2) under McFadden v. Bressler Malls, Inc., the
amount of attorney's fees awarded to landlord is "a patently unreasonable amount for
an appeal of a forcible detainer proceeding," for which no more than $1,500.00 is a
permissible recovery. See McFadden v. Bressler Malls, Inc., 548 S.W.2d 789, 790
(Tex. Civ. App.--Austin 1977, no writ). Tenant also contends that the evidence is
legally and factually insufficient to support the amount of attorney's fees awarded. 

 1. Impermissible Reliance on Excluded Billing Records

 Tenant contends that the trial court should have disregarded the testimony of
landlord's counsel, which was the only evidence offered by landlord in support of the
award of attorney's fees. Tenant argues that counsel's testimony relied on notes that
were abstractions of landlord's counsel's billing records, which the trial court had
excluded from evidence after tenant objected that landlord did not produce those
records in response to discovery requests. Tenant contends that counsel's abstractions
from the billing records should also have been excluded from evidence.

 The record shows that landlord's counsel called himself to the stand to testify
concerning landlord's attorney's fees and received the trial court's permission to
testify in narrative form. See Tesoro Petroleum Corp. v. Coastal Ref. & Mktg., Inc.,
754 S.W.2d 764, 767 (Tex. App.--Houston [1st Dist.] 1988, writ denied); Goad v.
Goad, 768 S.W.2d 356, 359 (Tex. App.--Texarkana 1989, writ denied) (noting that
when counsel has personal knowledge through representing client, counsel is qualified
to represent party at trial to give expert opinion testimony concerning attorney's fees
incurred in case). Landlord's counsel began his narrative by stating that he was
familiar with "the normal, ordinary, customary legal rates charged" to a client like
landlord in the Houston area, that he was a principal of his firm, retained to represent
landlord in this case, and that he was familiar with all proceedings in this case. 
Counsel explained that he had opinions concerning "the reasonable and ordinary and
necessary" attorney's fees incurred. Continuing the narrative, counsel stated that his
opinion testimony was based on his personal knowledge, as trial counsel throughout
the proceedings of this case and as an attorney with ten years' experience in civil
litigation, of the pleadings he prepared, both on behalf of landlord and in response to
tenant's claims; the discovery between the parties; and the hearings conducted before
the trial court, particularly as necessitated by tenant's responsive pleadings, which
included the unsuccessful motions to show authority and for abatement. 

 Tenant's first objection was that landlord's counsel should not be permitted "to
offer any opinion as to reasonable and necessary attorney's fees" because landlord
would necessarily be testifying based on billing records that landlord had not produced
in response to discovery requests. Landlord's counsel replied that he had not relied
on a particular document, but had based his opinions on attorney's fees on his
experience and training and his "personal familiarity throughout the pendency of this
case." The trial court responded to tenant's objection as follows:

 Sustain the objection in part. To the extent that any opinion that you may
render would be based upon the records that have not been produced, the
objection is sustained. I will not sustain it to the extent of precluding you from
testifying outside of those records.


After the trial court announced this ruling, landlord's counsel began to testify from
memory, based on notes written on a pad. Counsel then stated his opinion that
$28,622.20 was a "reasonable, necessary, and ordinary" amount for attorney's fees and
explained that the amount excluded fees expended in the earlier district-court action. 
Counsel proceeded to state that his work as an attorney in this case could be broken
down into six different segments and that $2,541.00 and $5,500 were the reasonable
and necessary fees for the justice court segment and the defensive response to tenant's
challenge to the justice court's ruling, respectively. 

 After that testimony, tenant challenged landlord's counsel's use of his notepad
as "a summary of [his] attorney's fees in this case" and obtained the trial court's
permission to conduct a voir-dire examination of landlord's counsel. In response to
tenant's questioning, landlord's counsel stated that he had no summary, that there was
no underlying document that would be offered into evidence, that the note pad
contained only his notes, and that he was familiar with his billing statements, but did
not review them in preparing the notes from which he was testifying. Landlord's
counsel explained that he was familiar with what he had charged throughout the
proceeding. Following the voir-dire examination by tenant's counsel, landlord's
counsel concluded his narrative testimony by stating that he had based his opinions
concerning the reasonable, necessary and ordinary attorney's fees in this case on his
"knowledge of and familiarity with the aspects concerning attorney's fees set forth in
Rule 1.04 of the Texas rules governing lawyers." 

 Though tenant objected to landlord's counsel's testimony, on the grounds that
it included abstractions from the excluded billing records, the trial court never ruled
on the objections. See Tex. R. App. P. 33.1(a)(2)(A) (requiring ruling by trial court to
preserve error on appeal). Because tenant did not obtain a ruling on its objection to
the admissibility of landlord's counsel's testimony, tenant may not, through its
sufficiency challenge, contend on appeal, that the trial court should have disregarded
that testimony. Id.

 2. McFadden Does Not Apply

 On appeal, as at trial, tenant challenges counsel's request for attorney's fees by
asserting that it was unreasonable as a matter of law under McFadden, which held that
an "award of attorney's fees in excess of $1,500 is excessive." See McFadden, 548
S.W.2d at 790.

 We note at the outset that, in responding to tenant's trial-court challenges,
landlord's counsel distinguished McFadden from this case by stating, 

 I think in a general sense the [McFadden] Court is absolutely right[,] but
in this specific sense, no. What they were describing, unfortunately, is
not what happened in this case primarily because you and your client
endeavored to make this a[s] complicated and lengthy [a] process for my
client as you possibly could.


We agree that McFadden is factually distinguishable. As the opinion reflects, the
McFadden case involved a simple detainer action, decided almost 30 years ago, that
resulted in an award of attorney's fees deemed reasonable at that time. See id. at
789-90. Nothing in McFadden suggests that the tenant in that case opposed the
landlord's eviction by asserting challenges like those presented by tenant here. Of the
total fees awarded in this case, approximately $5,000, or one-fifth of the total fees, was
attributed to landlord's counsel's preparing and filing oppositions to tenant's motions
to show authority and for abatement. 

 Moreover, the McFadden trial court based the award solely on rule 752 and
what is now section 24.006 of the Property Code. See McFadden, 548 S.W.2d at 790. 
In this case, the county court also relied on chapter 38, of which section 38.003 is part. 
See Tex. Civ. Prac. & Rem. Code Ann. § 38.003 (Vernon 1997). Pursuant to section
38.003, proof that the fees requested are "usual and customary," as provided by
landlord's counsel here, gives rise to a statutory presumption that the usual and
customary fees requested are reasonable. See id.; Gen. Elec. Supply Co. v. Gulf
Electroquip, Inc., 857 S.W.2d 591, 601 (Tex. App.--Houston [1st Dist.] 1993, no
writ). We conclude that McFadden does not apply and therefore conclude that tenant
may not rely on McFadden to assert that the $28,623.10 awarded as attorney's fees is
unreasonable as a matter of law. 

 3. Amount of Attorney's Fees

 Tenant also asserts that the evidence is legally and factually insufficient to
support the $28,623.10 award for attorney's fees, because the amount is unreasonable. 
The reasonableness of an attorney's fee award generally presents a question of fact. 
See Ragsdale v. Progressive Voters League, 801 S.W.2d 880, 882 (Tex. 1990);
Tesoro, 754 S.W.2d at 767. "Ordinarily, the allowance of an attorney's fees rests with
the sound discretion of the trial court and will not be reversed without a showing of
abuse of that discretion." Id. at 881. 

 Landlord's counsel's testimony detailed the six segments of work he performed
in representing landlord. His testimony cited the experience and expertise on which
he relied in representing landlord and in forming his opinion that the fees requested
for his work were reasonable, necessary, and ordinary. Landlord's counsel further
documented the necessity of the fees by demonstrating the need to respond to tenant's
motions to show authority and for abatement. He attested to his knowledge of and
familiarity with both the proceedings in this case and the factors that govern an award
of attorney's fees stated in rule 1.04 of the State Bar Rules. He further explained that
he relied on those factors in determining that the attorney's fees he requested were
reasonable, necessary, and ordinary. See Arthur Andersen & Co., 945 S.W.2d at 818.

 In testifying as an expert on attorney's fees in response, tenant's counsel offered
his opinion that an attorney's fee in excess of $2,500 "would be unwarranted and
unjustified in the matters regarding possession only." Tenant's attorney explained that
attorney's fees greater than $2,500 are excessive because (1) under controlling case
law, it is never appropriate for attorney's fees to exceed $2,500 for this type of case,
and (2) the trial court should not have compensated landlord for fees incurred
regarding "ancillary motions" that did not relate solely to possession. The "ancillary
motions" to which tenant's counsel referred specifically were landlord's response to
the motion to show authority, filed by tenant, which resulted in attorney's fees of
$10,487.50 according the judgment, and landlord's response to the plea in abatement,
also filed by tenant, which resulted in attorney's fees of $2,354.60 according to the
judgment. 

 Tenant's attorney's assertion that case law limits attorney's fees to $2,500
derives from the McFadden case. In distinguishing McFadden above, we rejected
tenant's contention that case law limits attorney's fees to a specific, minimal amount
in every case. Case law, therefore, does not limit attorney's fees in this case to $2500,
as tenant suggests. 

 Tenant also contends that the trial court abused its discretion by awarding
attorney's fees based merely on the testimony of landlord regarding the motion to
show authority and the plea in abatement, which tenant disputed. The record,
however, shows that the trial court had more than this disputed testimony. The record
includes (1) the motion to show authority filed by tenant, (2) the plea in abatement
filed by tenant, (3) landlord's eight-page written response to tenant's plea in
abatement, (4) the trial court's written order granting the motion to show authority,
and (5) the trial court's oral order denying the plea in abatement after a hearing. The
trial court, therefore, had documents that were part of the record in this case, that were
consistent with the testimony from landlord's counsel concerning his work performed
in this matter. 

 We conclude that the record shows that the trial court could have reasonably
determined that the actions taken by landlord, in responding to the motion to show
authority and plea in abatement, were reasonable and necessary, in accordance with 
the Anderson factors and rule 1.04(b) of the Disciplinary Rules of Professional
Conduct, for landlord to pursue possession of the premises. See Tex. Prop. Code
Ann. § 24.006; Tex. Civ. Prac. & Rem. Code Ann. § 38.001(8); Tex. R. Civ. P. 752
(all cited in trial court's judgment); authorizing recovery of reasonable attorney's fees
and costs, provided requirements of section 24.006 of Property Code met); see also
Arthur Anderson & Co., 945 S.W.2d at 818 (citing Tex. Disciplinary R. Prof.
Conduct 1.04(b), reprinted in Tex. Gov't Code tit. 2, subtit. G app. (State Bar
Rules, art. X, § 9) (listing "factors that may be considered in determining the
reasonableness" of a fee, but without excluding other relevant factors)); C.M. Asfahl
Agency, 135 S.W.3d at 801-02 (quoting Andersen factors). 

 The remainder of landlord's evidence on attorney's fees, which concerns the
reasonableness of the fees charged to perform the services and the amount of time to
perform the services, remained undisputed. The trial court did not abuse its discretion,
therefore, by awarding fees in amounts provided by landlord's attorney, an
undisputedly interested witness, because that evidence was "clear, direct and positive,
and not contradicted by any other witness or attendant circumstances" or
circumstances that tend to cast suspicion on the evidence. See Ragsdale, 801 S.W. 2d
at 882. 

 As noted above, the trial court had a mandatory duty to award landlord
attorney's fees, based on its having prevailed on its breach-of-contract claim. See
Bocquet, 972 S.W.2d at 20. On applying the standards for legal-sufficiency review
stated in City of Keller, 168 S.W.3d at 827, and considering the record based on those
standards, the record within the statutory framework of chapter 38, and the undisputed
evidence in the record, we hold that the evidence is legally sufficient for reasonable
and fair-minded persons to award landlord $28,623.10 as reasonably necessary fees
for this matter. 

 On reviewing the record to analyze the factual sufficiency of the evidence
before the trial court, which we also consider within the statutory framework of
chapter 38 and the undisputed evidence in the record, we hold that there is no basis on
which to conclude that the award of $28,623.10 as reasonably necessary fees is so 
contrary to the overwhelming weight of the evidence that the award is clearly wrong
and manifestly unjust. See Cain, 709 S.W.2d at 176; Arriba Ltd., 882 S.W.2d at 582. 
We therefore conclude that tenant has not met its burden to demonstrate that the trial
court's judgment awarding landlord $28,623.10 in attorney's fees cannot be sustained
by any theory raised by the evidence. See Friedman, 787 S.W.2d at 157-58. 

 We overrule tenant's fourth point of error.

 Conclusion


 We dismiss tenant's appeal with respect to its first two issues, which
impermissibly challenge landlord's right of possession. In all other respects, we
affirm the judgment of the trial court.




 Elsa Alcala

 Justice


Panel consists of Chief Justice Radack and Justices Alcala and Bland.
1. See Tex. Prop. Code Ann. § 24.007 (Vernon 2000)
.
2. Tenant did not seek a new trial in justice court. See Tex. R. Civ. P. 566, 749.
3. On April 14, 2006, in compliance with Tex. R. App. P. 42.3(a), we issued an order in
which we notified the parties that it appeared to this Court, from our review of the
record before us, that we have no jurisdiction to consider tenant's first two issues,
pursuant to Tex. Prop. Code Ann. § 24.007 (Vernon 2000). 
4. Tenant's challenges do not contest landlord's standing to sue, but, rather, landlord's
legal capacity or authority to proceed as a party. A party has capacity or authority 
and is thus a proper party when the party has the legal authority to act. Austin Nursing
Ctr., Inc. v. Lovato, 171 S.W.3d 845, 848-49 (Tex. 2005) (citing Nootsie, Ltd. v.
Williamson County Appraisal Dist., 925 S.W.2d 659, 661 (Tex. 1996)) As in the trial
court, tenant's challenges question landlord's legal authority to act on behalf of the
trust in claiming to have purchased the airport hangar in November 2001 and to have
assumed management rights as landlord. As in the trial court, tenant's challenges do
not question standing, which may be asserted for the first time on appeal to question
whether a party has an enforceable right or interest that can actually be determined by
the judicial remedy sought. See id. at 849. See also id. at 849 & n.1 (noting case law
that has blurred distinction between standing and capacity).
5. Tenant incorrectly contends that it would be entitled to a reversal if the county court
lacked jurisdiction. 
6. Rule 752's authorization of recovery of attorney's fees states that, "the requirements
of Section 24.006 of the Texas Property Code have been met." Tex. R. Civ. P. 752;
see Tex. Prop. Code Ann. § 24.006 (Vernon 2000) (governing "Attorney's Fees and
Costs of Suit"). Landlord's compliance with section 24.006 is not at issue here.
7. In a case tried to the court, the appealing party need not file a motion for new trial to
preserve legal or factual-sufficiency points on appeal. Vannerson v. Vannerson, 857
S.W.2d 659, 677 n.8 (Tex. App.--Houston [1st Dist.] 1993, writ denied); see also In
re Marriage of Parker, 20 S.W.3d 812, 816 (Tex. App.--Texarkana 2000, no pet.)
(stating same); O'Farrill Avila v. Gonzalez, 974 S.W.2d 237, 248 (Tex. App.--San
Antonio 1998, pet. denied) (holding that party to case tried to trial court need not
preserve legal or factual sufficiency points).