George WERTH, Appellant,

v.

Susan JOHNSON, Individually and as Representative of the Estate of Bobby Werth, Appellee.

No. 09–08–00296–CV.

Court of Appeals of Texas, Beaumont.

Submitted March 5, 2009.

Decided Aug. 27, 2009.

Charles M. Kibler, Jr., Strong Pipkin Bissell & Ledyard, L.L.P., Beaumont, for appellant.

Jerry V. Pennington, Law Office of Jerry Pennington, Orange, for appellee.

Before McKEITHEN, C.J., KREGER and HORTON, JJ.

## OPINION

STEVE McKEITHEN, Chief Justice.

George Werth appeals the summary judgment on his cause of action for fraud against Susan Johnson, individually and as representative of the Estate of their father, Bobby Werth. We affirm the judgment of the trial court.

Late in his life, Bobby Werth gathered his five children about him and directed his daughter Susan to write the following: "(George Werth) Skipper is to have house to retire. If he (George) is to die the house is to go to the estate of Bobby Werth." Bobby's four daughters signed below a line that states "I agree." Bobby signed the document later, with only George present. The will admitted to probate after Bobby's death divided Bobby's estate equally between his five children and did not provide a life estate in the house for George. George sued Susan, individually and in her capacity as the executrix of Bobby's estate, for breach of fiduciary duty and fraud, and asked for a judgment declaring his rights to the property. Susan filed a counterclaim for intentional infliction of emotional distress. The trial court granted Susan's motion for summary judgment. With the filing of amended pleadings and a severance of remaining issues, only George's fraud claim is at issue in this appeal. In six issues, George contends the summary judgment record reveals genuine issues of material fact on the elements of his cause of action for fraud.

The first three appellate issues relate to the elements of fraud addressed in Susan's no-evidence motion for summary judgment. When the defendant files a combined traditional and no-evidence motion for summary judgment, we first review the judgment under the no-evidence standards of Rule 166a(I). *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600–01 (Tex.2004). We view the evidence in the light most favorable to the non-movant. *Id.* at 601. "A genuine issue of material fact exists if more than a scintilla of evidence establishing the existence of the challenged element is produced." *Id.* at 600. "When the evidence offered to prove a vital fact is so weak as to do no more than create a mere surmise or suspicion of its existence, the evidence is no more than a scintilla and, in legal effect, is no evidence." *Kindred v. Con/Chem, Inc.*, 650 S.W.2d 61, 63 (Tex. 1983).

"The elements of fraud are a material misrepresentation, which was false, and which was either known to be false when made or was asserted without knowledge of the truth, which was intended to be acted upon, which was relied upon, and which caused injury." *DeSantis v. Wackenhut Corp.*, 793 S.W.2d 670, 688 (Tex. 1990). A promise to do an act in the future is actionable fraud when made with the intention, design and purpose of deceiving, and with no intention of performing the act. *See Spoljaric v. Percival Tours, Inc.*, 708 S.W.2d 432, 434 (Tex. 1986).

In her motion for summary judgment, Susan claimed there were "no pleadings or proof that [Susan] made any representations to [George] or that they were false when made or that they were intended for him to rely upon." In his first

issue, George contends at least a scintilla of evidence establishes a genuine issue of material fact as to whether Susan made any representations to George. In his response to Susan's no-evidence motion for summary judgment, George argued the following evidence raised a fact issue on whether Susan made a false representation: (1) Susan sold the house to her son after promising that George could live there until his death; (2) Susan drafted the document that promised the house to George; (3) Susan signed the document that promised the house to George; and (4) George was present and active at the meeting in which the document was drafted and signed.

Issue two contends there is a genuine issue of material fact as to whether any representations made by Susan were false when they were made, or made recklessly as a positive assertion without any knowledge of the truth. In his response to the motion for summary judgment, George argued the following evidence raised a fact issue that Susan knew her representation was false or made it recklessly without knowledge of its truth: (1) Susan probated Bobby's will; (2) after assuming her duties as executrix, Susan sold the house to her son; and (3) Susan denied making any promises or agreements with George in the paper she signed under the words "I Agree."

Issue three contends there is at least a scintilla of evidence that Susan intended for George to rely on any representation made by her. In his response to the motion for summary judgment, George contended the following evidence established Susan's intent to induce George to act on her representation: (1) George was present at the family meeting; (2) George par-

ticipated in the discussion which produced the document; (3) George watched Susan draft the document; (4) George watched Susan sign the document under the words "I Agree."

■ George does not claim that the document at issue affected a testamentary transfer.[1] Instead, he argues that Susan represented that George would receive the house to live in when Bobby died. "An expression of an opinion as to the happening of a future event may also constitute fraud where the speaker purports to have special knowledge of facts that will occur or exist in the future." *Trenholm v. Ratcliff,* 646 S.W.2d 927, 930 (Tex.1983). In *Trenholm v. Ratcliff,* the defendant falsely represented that a mobile home park had been sold and that notices had gone out to tenants; the court held these direct representations of present facts were so intertwined with the developer's prediction that the trailer park would be moved as to make the entire statement a representation of facts. *Id.* at 930–31. George argues that by drafting and signing a document that stated George was to "have [sic] house to retire" and that if George were to die "the house is to go to the Estate of Bobby Werth," Susan made a present tense statement about a future event of which Susan had special knowledge. George argues that *Trenholm v. Ratcliff* supports his position because "Ratcliff offered his misrepresentations as a land developer 'in-the-know' and Appellee offered hers as the appointed executrix of her father's estate." When Susan created the writing in George's presence, however, Susan was not yet the executrix of Bobby's estate. Bobby Werth was at that moment alive and completely in control of his own estate. The document at issue was not a

---

1. At oral argument, appellant conceded both that Bobby's will did not give George a life estate in the property and that the document

at issue in this case is not enforceable as a codicil to the will.

will.[2] It is undisputed that Bobby did not provide for a life estate in the will that has been probated. In her capacity as executrix of Bobby's estate, Susan could not legally distribute the estate in a manner contrary to the will. *See generally* Tex. Prob.Code Ann. § 37 (Vernon 2003).[3] Furthermore, unlike *Trenholm v. Ratcliff,* nothing in the document at issue here suggests a present fact. For instance, it does not state that Bobby had executed a will that created a life estate, nor did it suggest that Bobby had given Susan the power to convey a life estate in the property to George. At most, by signing the document Susan agreed that Bobby would bequeath a life estate to George. It is undisputed that Bobby did not do so.

■ George argues that Susan's action in conveying the house to her son after she assumed her duties as the executrix of Bobby's estate is some evidence that her promise was false when the document was written and signed. "Failure to perform, standing alone, is no evidence of the promissor's intent not to perform when the promise was made." *Spoljaric,* 708 S.W.2d at 435. Other circumstances that may be considered with failure to perform include the party's denial that she even made a promise. *Id.* George argues Susan denied ever making a promise to George. Susan has not denied signing the

document; rather, she disputes that by signing the document she promised George that she would perform a specified act in the future. Furthermore, there is no evidence that Susan failed to perform a promise set forth in the document. Only Bobby could provide for the disposition of his estate. Accordingly, the document can be nothing more than Bobby's daughters' assent to the creation of a life estate by Bobby; since it is undisputed that Bobby, in fact, did not create a life estate in his will, Susan could not be called upon to perform her promise to honor such a bequest. There is no evidence in the summary judgment record that Susan signed the document knowing that Bobby would not leave a will that created a life estate.

■ Because George was present in the room when Susan wrote and signed the document, George argues there is evidence that Susan had information that would lead a reasonable person to conclude that there was a special likelihood that George would receive the information and act upon it. "[A] defendant who acts with knowledge that a result will follow is considered to intend the result." *Ernst & Young, L.L.P. v. Pacific Mut. Life Ins. Co.,* 51 S.W.3d 573, 579 (Tex.2001). George's petition alleges that "[b]y signing the document, in [George's] presence, [Susan]

2. *See* Tex. Prob.Code Ann. § 59(a) (Vernon 2003) ("Every last will and testament, except where otherwise provided by law, shall be in writing and signed by the testator in person or by another person for him by his direction and in his presence, and shall, if not wholly in the handwriting of the testator, be attested by two or more credible witnesses above the age of fourteen years who shall subscribe their names thereto in their own handwriting in the presence of the testator.").

3. Section 37 of the Probate Code provides, in part, as follows:

When a person dies, leaving a lawful will, all of his estate devised or bequeathed by

such will, and all powers of appointment granted in such will, shall vest immediately in the devisees or legatees of such estate and the donees of such powers; ... subject, however, to the payment of the debts of the testator ... but upon the issuance of letters testamentary or of administration upon any such estate, the executor or administrator shall have the right to possession of the estate as it existed at the death of the testator or intestate, with the exception aforesaid; and he shall recover possession of and hold such estate in trust to be disposed of in accordance with the law.

made a promise, both to [Bobby] and to [George], that [George] could live in the home until he died." In his summary judgment response, George identified no evidence that Susan knew that Bobby was not going to provide for a life estate but intended to deceive George when she wrote and signed the document in George's presence.

Considering the evidence in a light most favorable to the appellant, George failed to produce more than a scintilla of evidence that Susan made any representations to George that were false when made and were intended for George to rely upon. We overrule issues one through three. Because there is no evidence of at least one necessary element of George's cause of action for fraud, the trial court did not err in granting Susan's no-evidence motion for summary judgment. This holding makes it unnecessary to address remaining issues. We affirm the judgment of the trial court.

AFFIRMED.