**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-21-00267-CV**

_____

**LAWRENCE DEAN, Appellant**

**V.**

**FLINT MITCHELL, TOM MARTIN, FM PROPERTIES and
FLINT PROPERTIES, Appellees**

**On Appeal from the 284th District Court
Montgomery County, Texas
Trial Cause No. 20-05-05185-CV**

**MEMORANDUM OPINION**

Appellant Lawrence Dean challenges the trial court's summary judgment for

Flint Mitchell, Tom Martin, FM Properties, and Flint Properties (collectively,

"Defendants"). In four issues, Dean argues the trial court erred in granting

Defendants' summary judgment because: (1) the evidence raises genuine issues of

material fact on whether the damage was caused by surface waters versus flood

waters, whether Martin was a proper party, and the necessity of injunctive relief; (2)

1

Defendants failed to conclusively prove their affirmative defenses; (3) Defendants failed to conclusively prove that Dean committed trespass; and (4) Defendants failed to establish their reasonable and necessary attorneys' fees as a matter of law. For the reasons discussed below, we affirm the trial court's judgment.

## I. BACKGROUND

The underlying dispute pertains to alleged flooding on a four-acre tract of property Dean owns located in Montgomery County, Texas. Dean purchased the four-acres from FM Properties in October 2017. FM Properties is a Texas general partnership owned by Flint Mitchell and Tom Martin. FM Properties owns one tract next to Dean's property, and Mitchell, Individually and d/b/a Flint Properties owns the other adjacent tract. Martin is not the record owner of either tract, but Martin is a member of the FM Properties general partnership. According to the record, the water flows from east to west across the parties' properties through "a ditch" fed by "two culverts" which slopes down to what the parties described as a "ravine kind of thing," and that ditch is then described by Dean as "the drainage line." It is undisputed that the ditch or drainage flowed in that direction when Dean purchased his four acre tract.

In February 2018, Defendants began further development on their two tracts. In March 2018, Dean's property flooded, which he alleged resulted from an elevation change caused by FM Properties' development of their neighboring tracts.

2

Dean also alleged that in February 2019, Defendants excavated and performed construction work on their tracts and piled "tree trunks, tree limbs, topsoil, and other clearing debris" against the property line and fence between his property and theirs.

On September 17, 2019, Tropical Storm Imelda made landfall on the upper Texas Gulf Coast. In September 2019, Dean's property flooded again, which he said was the worst flood he experienced on his property but denied the flooding occurred during Tropical Storm Imelda. However, the National Oceanic & Atmospheric Administration (NOAA) rainfall data for Montgomery County revealed the only significant rainfall for September 2019 occurred on September 18 and 19 when between 9.2 inches and 16.88 inches of rain, and a local newspaper article reported 25 to 29 inches of rain fell in certain parts of Montgomery County. Dean claimed the debris pile in "the drainage line" caused the water to back up onto his property, resulting in the flood. Dean also testified in his deposition that the water was so deep it flowed around the debris pile.

In May 2020, Dean sued Defendants alleging trespass, water diversion, negligence, negligence per se and requested attorney's fees under the Declaratory Judgments Act, temporary and permanent injunctions, and permanent harm to his property with resulting damages for diminution in fair market value. The Defendants answered, asserting several affirmative defenses including failure to mitigate, contributory negligence, statute of limitations, intervening/superseding cause, and

3

Act of God, among others. Defendants sought attorneys' fees since they had to respond to Dean's declaratory judgment action. Defendants counterclaimed for trespass, trespass to try title, Water Code violations, declaratory judgment and recovery of attorneys' fees, and injunctive relief against Dean, alleging he had entered their property without authorization.

## II.
## MOTIONS FOR SUMMARY JUDGMENT

In March 2021, about ten months after Dean filed suit and after the discovery period closed, Defendants filed their combined Traditional and No-Evidence Motions for Summary Judgment. Defendants' summary judgment evidence included: Montgomery County Appraisal District (MCAD) Ownership Information for 15064 Boyd Lane with map; Dean's deposition testimony; MCAD Ownership Information for 5682 and 5804 Waukegan Road; MCAD map of 15064 Boyd Lane and surrounding tracts produced by Dean; overhead photograph of 15064 Boyd Lane and "the drainage line" produced by Dean; FM Properties' Answers to Interrogatories; Dean's Answers to Defendants' First Set of Interrogatories; September 2019 flood photographs produced by Dean; NOAA Record of Climatological Observations for Montgomery County, Texas in September 2019; National Hurricane Center Report on Tropical Storm Imelda; Houston Chronicle article regarding Tropical Storm Imelda; Montgomery County Courier article regarding Tropical Storm Imelda; February 2018 photograph of debris pile produced

4

by Dean; a copy of Dean's Original Petition; a copy of Dean's Second Amended Original Petition; Defendants' Second Amended Original Answer; and counsel's affidavit with attached fee invoices.

In their Traditional Motion, Defendants argued that the statute of limitations barred Dean's claims, because his claims accrued in March 2018 during the first flood since he alleged permanent injury, but Dean did not file suit until May 2020, and that they conclusively established their "Act of God" affirmative defense. Defendants also argued they conclusively established that they were entitled to summary judgment on all Dean's claims because floodwaters from "the drainage line" injured his property and not "diffuse surface waters." Defendants also argued that Martin was not liable individually, as he was not an owner of either tract. Defendants also asserted that Dean was not entitled to a permanent injunction because he has an adequate remedy at law in monetary damages for any alleged lost fair market value. Finally, Defendants moved for summary judgment on their trespass counterclaim, noting Dean's deposition testimony conclusively established that he came onto Defendants' property without authorization (Dean admitted he mowed the Defendants' property).

Among other things, Defendants argued in their No-Evidence Motion that there was no evidence their conduct caused Dean's damages, a required element for each cause of action asserted. Defendants also argued no evidence supported Dean's

5

request for permanent injunction and specifically there is no evidence they committed a wrongful act, of imminent harm, of irreparable harm, or that Dean lacks an adequate remedy at law. Defendants argued they were entitled to summary judgment on the declaratory judgment action because there is no evidence a justiciable controversy exists under the warranty deed referenced in Dean's Petition, and there is no evidence the alleged controversy will be determined by the judgment sought. Finally, Defendants moved for summary judgment on their attorneys' fees claims of $35,647.44 for defending the declaratory judgment claim, arguing the fees were reasonable and necessary and the award would be equitable and just. The Motion for Summary Judgment was set on the submission docket for April 16, 2021.

On April 9, 2021, Dean filed combined Objections to Summary Judgment Evidence, Plaintiff's Motion for Continuance of Summary Judgment Hearing, and Response in Opposition to Defendants/Counter-Plaintiffs' Traditional and No-Evidence Motions for Summary Judgment. Dean's responsive summary judgment evidence included: Defendant's Discovery Requests; photographs produced by Dean in response to Defendant's discovery requests; Assumed Name Certificate for FM Properties Partnership; MCAD Property Detail for 5804 Waukegan Road; Property Tax Balance, Payment Information, Certified Owner Receipt for 5804 Waukegan Road for 2018–2020; emails from Defendants' counsel's legal secretary; Defendants' October 6, 2020 invoice; average hourly billing rates for similarly

situated attorneys in Conroe and adjacent jurisdiction; FM Properties' Answers to Plaintiff's First Set of Interrogatories; and Dean's own counsel's affidavit and business records of attorneys' fees/invoices. However, it should be noted that Dean's counsel's affidavit did not controvert any specific amount of fees or calculations sought by Defendants.

Dean objected to Defendants' using his discovery responses and materials he produced in response to discovery as summary judgment evidence, including photographs and maps, contending that Defendants failed to file the requisite notice of intent to use those responses. Dean further objected to Defendants' using their own discovery responses as evidence. Dean complained that the NOAA records and a photograph of the debris pile he had produced in discovery were inadmissible because they were not properly authenticated. Finally, Dean complained that a National Hurricane Center Report and news articles on Tropical Storm Imelda had not been properly authenticated and each was also inadmissible.

Dean also moved to continue the submission date on the summary judgment motion, arguing he needed more time to conduct discovery, even though the discovery deadline had expired. Dean requested more time to conduct discovery into opposing counsel's billing practices and to obtain evidence "to rebut the basis for Defendants' motion for summary judgment[.]"

7

Dean responded to the substance of the Traditional and No-Evidence Motion for Summary Judgment and argued that the statute of limitations did not bar his claims. He also asserted that his property was damaged by surface waters rather than flood waters, noting that Defendants' Interrogatory Answers described their improvements to their tracts in 2017. Dean argued that Martin had an ownership interest in the partnership in one of the adjacent tracts. In his Response to the No-Evidence Motion for Summary Judgment, Dean only addressed his own trespass claim, arguing the evidence shows that Defendants made unauthorized entry on his property when they created the debris pile. Dean disputed the defendants' allegations that the water was flood water, instead he argued it was diffuse surface water and that "the accumulated rainwater, running from east to west, across both Plaintiff's and Defendants' properties was diverted prior to any water reaching the far west boundary of Defendants' property, where 'drainage' began." In support of this, he noted the allegations in his petition and photographs of his property. Dean did not specifically address the other claims, including those for declaratory and injunctive relief. Finally, Dean argued that Defendants did not establish their right to recover attorneys' fees.

Defendants then filed a Response to Plaintiff's Objections to Summary Judgment Evidence, Response to Plaintiff's Motion for Continuance, Objections to Plaintiff's Summary Judgment Evidence, and Reply in Support of Summary

8

Judgment. As to Dean's objections, Defendants countered they provided the requisite notice that they intended to use unfiled discovery when they stated in their Motion for Summary Judgment they intended to use unfiled discovery in support of the Motion; and the NOAA data, National Hurricane Center's Report on Imelda, and the newspaper articles were authenticated and admissible under Texas Rules of Evidence 901 and 902. Defendants also argued that the photographs Dean produced in discovery were admissible per Rule 193.7, and Dean waived any objection to Defendants using their interrogatory responses when he quoted those responses.

Defendants challenged Dean's requested continuance of the submission date on their Motion for Summary Judgment, arguing that Dean failed to use diligence in pursuing discovery and that the discovery period closed two months before the submission date, among other things. Defendants included emails as evidence showing counsel had offered deposition dates and asserted Dean failed to notice any depositions. Defendants also objected to Dean's summary judgment evidence based on lack of authentication for a photograph and hearsay as to Dean's exhibit of a report of attorney rates for Montgomery County and the surrounding area.

In their Reply to Plaintiff's Response, Defendants argued that Dean failed to produce any evidence that their conduct proximately caused the flooding on his property, a requisite element of Dean's negligence, negligence per se, trespass, and Texas Water Code claims. Defendants argued that Dean only addressed his trespass

claim in his Response to their No-Evidence Motion and failed to address his remaining claims entirely. Defendants also replied that they had established the statute of limitations barred Dean's claims because his property first flooded in March 2018, he claimed a permanent injury, yet he did not sue until May 2020. They argued that Dean failed to produce any competent summary judgment evidence that surface waters caused injury to his property. Defendants further asserted that while Dean argued their attorneys' fees were not reasonable and necessary, he provided no evidence of what constituted a reasonable and necessary fee, and he offered no controverting affidavit, so they were entitled to their fees.

On April 14, 2021, two days before the scheduled submission date on Defendants' Traditional and No-Evidence Motion for Summary Judgment, Dean filed Plaintiff/Counter-Defendant's First Amended Objections to Summary Judgment Evidence, Plaintiff's Motion for Continuance of Summary Judgment Hearing, and Response in Opposition to Defendants/Counter-Plaintiffs' Traditional and No-Evidence Motions for Summary Judgment. Dean included the following as additional summary judgment evidence with his Amended Response: Defendant's Discovery Requests; photographs Dean produced in response to discovery requests; April 27, 2016 Assumed Name Certificate for FM Properties; MCAD Property Detail for 5804 Waukegan Road; Property Tax Balance, Payment Information, and Certified Owner Receipt for 5804 Waukegan Road for 2018–2020; emails from

Defendants' counsel's legal secretary; Defendants' October 6, 2020 Invoice; average hourly billing rates for attorneys in Conroe and adjacent jurisdiction; FM Properties' Answers to Dean's First Set of Interrogatories; and Affidavits of Dean's counsel proving up her fees and authenticating business records with attached billing invoices.

In the Amended Response, Dean objected to Defendants' summary judgment evidence for the same reasons raised in his initial Response. Dean again moved to continue the summary judgment submission date, citing the need for further discovery but did not describe his diligence in seeking discovery. In his Amended Response to Defendants' Traditional Motion for Summary Judgment, Dean argued the statute of limitations did not bar his claims, disputed that the damage was caused by floodwaters and instead contended surface waters caused the damage, argued that Defendants failed to establish their "Act of God" affirmative defense, and asserted that Martin had an ownership interest "by partnership" in one of the tracts. In his Amended Response to Defendants' No-Evidence Motion for Summary Judgment, Dean again only addressed his trespass claim against the defendants and generally discussed his deposition testimony about the debris pile. Dean did not specifically address his other causes of action. Finally, Dean contested Defendants' entitlement to attorneys' fees without filing a controverting affidavit and asserted that he was

11

owed attorneys' fees for preparing his Response to the Traditional and No-Evidence Motion for Summary Judgment.

The Defendants filed a Motion to Strike and Supplemental Reply to Plaintiff's First Amended Objections to Summary Judgment Evidence and First Amended Response to Defendants' Motions for Summary Judgment and Defendants' Objections to Plaintiff's Amended Summary Judgment Evidence. Defendants argued that Dean's Amended Response was untimely and should be struck because it was filed less than forty-eight hours before the submission date for their Motions for Summary Judgment without leave of court. The Defendants argued that although Dean attached the same summary judgment evidence, he relabeled the exhibits, so the objections no longer corresponded to the exhibits. Defendants objected to Dean's newly labeled exhibits, and argued that Dean's Amended Response attached no new evidence and relied solely on conclusory legal argument. Defendants argued that Dean again failed to respond to their No Evidence Motion for Summary Judgment on his negligence, negligence per se, Texas Water Code claims, and requests for injunctive and declaratory relief. Finally, Defendants asserted they had a right to attorneys' fees and defended counsel's billing entries.

The trial court signed an Order on Defendants/Counter-Plaintiffs' Traditional and No-Evidence Motions for Summary Judgment that included rulings on Dean's Motion for Continuance, Defendants' Motion to Strike, Plaintiff's Objections, and

Defendants' Objections. The trial court denied Dean's Motion for Continuance reasoning that he provided no reason why depositions had not been completed, especially before the discovery deadline, and that while he requested more time to obtain opposing counsel's billing records of attorneys' fees, he failed to file an affidavit controverting those fees. The trial court granted the Defendants' Motion to Strike Dean's Amended Response because it was untimely, and he failed to obtain leave. The trial court also noted that the Defendants' Objections to the Amended Summary Judgment evidence were moot given the ruling striking the Amended Response. Based on the trial court striking the Amended Objections and Response, the trial court outlined its rulings on Dean's initial Objections and Response to the Traditional and No-Evidence Motion for Summary Judgment. The trial court sustained only two of Dean's objections to the Defendants' summary judgment evidence, sustaining Dean's objection: 1) to the Defendants' use of their own Answers to Interrogatories; and 2) to a February 2018 photograph of a debris pile produced by Dean because it was not authenticated. The trial court sustained all objections that the Defendants raised to Dean's summary judgment evidence. Specifically, the trial court sustained objections to photograph LD47 showing a debris pile and a notation on the photograph, explaining that the photograph was unauthenticated and the notation was hearsay. The trial court sustained the objection to Dean's document purporting to show rates of comparable attorneys as

13

unauthenticated and that it constituted hearsay. Finally, the trial court sustained objections to Dean's counsel's affidavit proving up attorneys' fees and invoices as irrelevant. The trial court granted Defendants' Motion for Summary Judgment except as to the request for attorneys' fees. The trial court likewise denied Dean's request for attorneys' fees for preparing a Response to the Motion for Summary Judgment. Finally, the trial court ordered that Dean was "liable to Flint Mitchell d/b/a Flint Properties and FM Properties (a Texas partnership) for trespass[,]" but damages for the trespass would be determined at trial.

Before trial, the Defendants requested an award of nominal damages for Dean's trespass on their property. They also filed their "Motion for Reconsideration of Order Denying Defendants' Request for Attorneys' Fees Under the Declaratory Judgment Act" citing Dean's failure to file an affidavit controverting Defendants' attorneys' fees and urging the trial court to award at least a portion of their fees. The day of trial, Dean filed his "Response in Opposition to Defendants' Motion for Reconsideration of Order Denying Defendants' Request for Attorneys' Fees Under the Declaratory Judgment Act" contending that Defendants failed to establish the attorneys' fees were reasonable and necessary. Dean referenced a controverting affidavit in his Response in Opposition to Defendants' Motion for Reconsideration but failed to attach one. Finally, before the trial on damages, the trial court signed an Order non-suiting all counterclaims brought by the Defendants with prejudice except

14

their trespass claim against Dean. The trial court awarded Defendants $50 in nominal damages for Dean's trespass on both lots, for a total award of $100.

The only outstanding matter after trial was Defendants' Motion for Reconsideration for attorneys' fees, which the trial court did not rule on during trial. After trial, Dean filed his "First Supplemental Response in Opposition to Defendants' Motion for Reconsideration of Order Denying Defendants' Request for Attorneys' Fees Under the Declaratory Judgment Act" which included his attorneys' controverting affidavit contesting Defendants' attorneys' fees. Defendants filed their Reply in Support of Motion for Reconsideration of Order Denying Defendants' Request Attorneys' Fees. In their Reply, they argued that Dean failed to timely file an affidavit controverting the reasonableness and necessity of Defendants' attorneys' fees in his Response to the Motions for Summary Judgment before the submission date and did not request leave, therefore the trial court should not consider it, and without a timely filed controverting affidavit, Defendants established the reasonableness and necessity of the attorneys' fees. Defendants argued that on Motion for Reconsideration, the trial court should only consider the record as it existed when it first heard and ruled on the summary judgment motion. Later, Dean filed an Amended Response in Opposition to Defendants' Motion for Reconsideration of Order Denying Defendants Request for Attorneys' Fees Under the Declaratory Judgment Act and again attached the Controverting Affidavit of

Dean's counsel. In his Amended Response in Opposition, Dean contended that he pointed out questionable billing entries based on the evidence Defendants provided, so they could not have conclusively established that the fees were reasonable and necessary. The trial court conducted a hearing on Defendants' Motion for Reconsideration, and after considering it, granted Defendants' Motion for Reconsideration and awarded them attorneys' fees.

The trial court signed a Final Judgment, referencing its Order on the Motions for Summary Judgment, the award of nominal damages at trial for Defendants' trespass claim against Dean, and noting it was granting Defendants' Motion for Reconsideration of Order Denying Defendants' Request for Attorneys' Fees Under the Declaratory Judgments Act. The trial court's Final Judgment provided:

> 1. Plaintiff Lawrence Dean takes nothing on his claims for relief against Defendants Flint Mitchell, Individually and d/b/a Flint Properties, Tom Martin, and FM Properties;
> 2. Defendant/Counter-Plaintiff Tom Martin takes nothing on his claims for relief against Plaintiff Lawrence Dean;
> 3. Defendant/Counter-Plaintiff Flint Mitchell, Individually and d/b/a Flint Properties, have and recover from Plaintiff Lawrence Dean, nominal damages in the amount of $50.00;
> 4. Defendant/Counter-Plaintiff FM Properties, a Texas partnership, have and recover from Plaintiff Lawrence Dean, nominal damages in the amount of $50.00;
> 5. Defendants/Counter-Plaintiffs Flint Mitchell, Individually and d/b/a Flint Properties, and FM Properties, a Texas partnership, have and recover from Plaintiff Lawrence Dean prejudgment interest at the rate of five percent (5.0%) per annum on the amounts set forth above from August 10, 2020, the date Counter-Plaintiffs filed their trespass claim, through the date this Final Judgment is entered;

16

6. It is ORDERED that Flint Mitchell, Individually and d/b/a Flint Properties, and FM Properties shall have and recover from Plaintiff Lawrence Dean their reasonable and necessary attorneys' fees and expenses totaling $35,647.44.

7. Defendants/Counter-Plaintiffs Flint Mitchell, Individually and d/b/a Flint Properties, and FM Properties, a Texas partnership, have and recover from Plaintiff Lawrence Dean postjudgment interest on the amounts set forth above at the rate of five percent (5.0%) per annum from the date of this Final Judgment until paid;

8. Flint Mitchell, Individually and d/b/a Flint Properties, and FM Properties, a Texas partnership, have and recover from Plaintiff Lawrence Dean all costs of court incurred to date, which are hereby taxed against Plaintiff; and

9. Flint Mitchell, Individually and d/b/a Flint Properties, and FM Properties, a Texas partnership, be allowed all such writs and processes as may be necessary, including execution, attachment, garnishment and other writs in process, to enforce or collect this judgment, and that all costs thereof be assessed against Plaintiff Lawrence Dean.

Dean filed a Motion for New Trial and an Amended Motion for New Trial, which were overruled by operation of law. He then timely appealed.

## III. ANALYSIS

A. Motion for Summary Judgment: Dean's Affirmative Claims

We review a trial court's decision to grant summary judgment de novo. *See Shell Oil Co. v. Writt*, 464 S.W.3d 650, 654 (Tex. 2015) (citation omitted). We view the evidence in the light most favorable to the nonmovant. *Id.* (citing *City of Keller v. Wilson*, 168 S.W.3d 802, 824 (Tex. 2005)). In doing so, we indulge every reasonable inference and resolve any doubts against the motion. *See City of Keller*, 168 S.W.3d at 824. "Undisputed evidence may be conclusive of the absence of a material fact issue, but only if reasonable people could not differ in their conclusions

17

as to that evidence." *Buck v. Palmer*, 381 S.W.3d 525, 527 (Tex. 2012) (citation omitted).

When a no-evidence motion has been filed, it "is essentially a pretrial directed verdict, and we apply the same legal sufficiency standard in reviewing a no-evidence summary judgment as we apply in reviewing a directed verdict." *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 750–51 (Tex. 2003) (citations omitted).

> A no evidence point will be sustained when (a) there is a complete absence of evidence of a vital fact, (b) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact, (c) the evidence offered to prove a vital fact is no more than a mere scintilla, or (d) the evidence conclusively establishes the opposite of the vital fact.

*Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997) (citation omitted). To defeat a no-evidence summary judgment motion, the nonmovant must produce summary judgment evidence sufficient to raise a genuine issue of material fact on each element of the claims challenged by the movant. Tex. R. Civ. P. 166a(i); *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004).

A party moving for traditional summary judgment has the burden of establishing there is no genuine issue of material fact as to at least one requisite element of the asserted cause of action and that it is entitled to judgment as a matter of law. *See* Tex. R. Civ. P. 166a(c); *Lightning Oil Co. v. Anadarko E & P Onshore, LLC*, 520 S.W.3d 39, 45 (Tex. 2017) (citations omitted). When the trial court does not specify the grounds on which it granted summary judgment, we must affirm if

18

any summary judgment grounds are meritorious. *FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 872–73 (Tex. 2000) (citation omitted). If a defendant files a combined traditional and no-evidence summary judgment motion, we first review the judgment under the no-evidence standards of Rule 166a(i). *Ridgway*, 135 S.W.3d at 600; *Werth v. Johnson*, 294 S.W.3d 908, 909 (Tex. App.—Beaumont 2009, no pet.).

In his first issue, Dean argues the trial court erred in granting summary judgment for Defendants because the evidence presents genuine issues of material fact. In support of this issue, Dean argues that there is a material issue of fact about whether damage was caused by flood waters versus surface waters, Martin's ownership in the property, and his claim for injunctive relief. The two components of proximate cause are (1) "cause in fact" and (2) foreseeability. *W. Invs., Inc. v. Urena*, 162 S.W.3d 547, 551 (Tex. 2005); *Doe v. Boys Clubs of Greater Dall., Inc.*, 907 S.W.2d 472, 477 (Tex. 1995). "These elements cannot be established by mere conjecture, guess, or speculation." *Doe*, 907 S.W.2d at 477 (citing *McClure v. Allied Stores of Tex., Inc.*, 608 S.W.2d 901, 903 (Tex. 1980)) (other citation omitted); *see also Urena*, 162 S.W.3d at 551. The inquiry for cause in fact is whether the "act or omission was a substantial factor in bringing about the injury," absent which the harm could not have occurred. *Prudential Ins. Co. of Am. v. Jefferson Assocs., Ltd.*, 896 S.W.2d 156, 161 (Tex. 1995) (citations omitted); *see also Doe*, 907 S.W.2d at

477; *see also IHS Cedars Treatment Ctr. of DeSoto, Tex., Inc. v. Mason*, 143 S.W.3d 794, 799 (Tex. 2004) (citations omitted).

Dean asserted claims for water diversion under Texas Water Code section 11.086, trespass, negligence per se, and negligence. As pleaded, cause-in-fact is a requisite element of the above claims. *See Palma v. Chribran Co.,* 327 S.W.3d 866, 869 (Tex. App.—Beaumont 2010, no pet.) (noting same for each of these causes of action in context of water diversion case); *see also* Tex. Water Code Ann. § 11.086(a), (b) (requiring damages to be caused by a diversion of water); *Union Pump Co. v. Allbritton*, 898 S.W.2d 773, 775 (Tex. 1995) (explaining proof of cause-in-fact is required in negligence and products cases); *Zapata v. Ford Motor Credit Co.*, 615 S.W.2d 198, 201 (Tex. 1981) (noting trespass claims requires proof of damages caused by the trespass).

Defendants filed a combined traditional and no-evidence summary judgment motion, so we first review the judgment under the no-evidence standard. *See Ridgway*, 135 S.W.3d at 600; *Werth*, 294 S.W.3d at 909. Among other elements, Defendants specifically challenged the causation element for Dean's water diversion, trespass, negligence per se, and negligence claims in their no-evidence summary judgment motion. Accordingly, Dean was required to present evidence sufficient to raise a genuine issue of material fact as to causation for each of those claims. *See* Tex. R. Civ. P. 166a(i); *Ridgway*, 135 S.W.3d at 600. Dean only

addressed his trespass claim in response to the no-evidence motion for summary judgment. In his Response to the Motion for Summary Judgment and on appeal, Dean argues his lay opinions in the form of deposition testimony on the debris pile constitute evidence of causation but points to no specific testimony. He also cited cases involving jury trials where lay testimony was used to establish causation and specifically, regarding the characterization of flood waters versus surface water.

"The term surface water, as used in section 11.086, is not defined in the Water Code, but has been interpreted by Texas courts to mean water 'which is diffused over the ground from falling rains or melting snows, and [it] continues to be such until it reaches some bed or channel in which water is accustomed to flow.'" *Tex. Woman's Univ. v. The Methodist Hosp.*, 221 S.W.3d 267, 277 (Tex. App.—Houston [1st Dist.] 2006, no pet.) (quoting *Dietrich v. Goodman*, 123 S.W.3d 413, 417 (Tex. App.—Houston [14th Dist.] 2003, no pet.)); *see also Michaelski v. Wright*, 444 S.W.3d 83, 93 (Tex. App.—Houston [1st Dist.] 2014, no pet.). Our sister court in Houston explained in *Michaelski v. Wright*,

> Diffuse surface water is distinct from flood waters and from waters entering or following a defined course or channel. Floodwaters are waters that have overflowed a natural water course but remain a continuous part of that original part of the water course. Waters entering or following a defined course or channel are not considered diffuse surface water. This includes water in a ditch, a pond, pipes, or a river.

*Michaelski*, 444 S.W.3d at 93 (citing *Tex. Woman's Univ.*, 221 S.W.3d at 278). There, the court concluded the plaintiffs "were required to prove the damage they sustained was the result of diffuse surface water and not flood water or water from a defined course or channel." *Id.* (citing *Tex. Woman's Univ.*, 221 S.W.3d at 277).

Here, the evidence shows that Dean's property flooded in 2018 following Defendants' development of their lots before the debris pile existed, and Defendants assert the 2018 flood would be time barred. Then, Dean claimed that in February 2019, the Defendants left a debris pile in a drainage area that caused the September 2019 flooding. Further, although Dean testified in his deposition that Defendants piled debris in a drainage area that impeded the flow of water causing it to back up, he also acknowledged that it did so after running into a "channel," "the drainage line" or "drainage ditch" and that the water was so deep it simply flowed around the debris pile.

Dean failed to provide evidence establishing that the damage he sustained resulted from "diffuse surface water and not flood water or water from a defined course or channel." *See Michaelski*, 444 S.W.3d at 93; *Tex. Woman's Univ.*, 221 S.W.3d at 277–78. Thus, Dean failed to meet his burden of presenting evidence creating a genuine issue of material fact on the element of causation, a requisite element of his statutory water diversion, trespass, negligence per se, and negligence claims. *See* Tex. R. Civ. P. 166a(i).

Along with the claims that included causation as a requisite element, Dean also sought temporary and permanent injunctive relief and a declaratory judgment affirming his "right of undisturbed possession, [and] use and enjoyment of the property in dispute, as described in Plaintiff's warranty deed; . . . to issue a declaratory judgment affirming the Defendants have no right or interest of any kind whatsoever in the property." Once Defendants moved for summary judgment on no-evidence grounds, the burden shifted to Dean to raise a genuine issue of material fact to defeat the motion. *See* Tex. R. Civ. P. 166a(i); *Johnson v. Brewer & Pritchard, P.C.*, 73 S.W.3d 193, 207 (Tex. 2002) (discussing non-movant's burden in responding to motion for summary judgment under Rule 166a(i)). Yet the summary judgment record shows that Dean's Response to the No-Evidence Motion for Summary Judgment only addressed his trespass claim and failed to address his other causes of action. Since Dean failed to respond to Defendants' no-evidence summary judgment motion on his Water Code, negligence per se, negligence, injunction, and declaratory judgment claims, the trial court properly granted the no-evidence summary judgment motion. *See Gallien v. Goose Creek Consol. Indep. Sch. Dist.*, No. 14-11-00938-CV, 2013 WL 1141953, at *3–4 (Tex. App.—Houston [14th Dist.] Mar. 19, 2013, pet. denied) (mem. op.) (citations omitted) (collecting cases and holding that because non-movant failed to timely respond to no-evidence motion for summary judgment, the trial court properly granted the no-evidence motion); *see*

23

*also Polecat Hill, LLC v. City of Longview*, 648 S.W.3d 315, 334 (Tex. App.—Texarkana 2021, no pet.) (concluding the trial court did not err in granting no-evidence summary judgment on certain claims where non-movant failed to respond to those specific claims).

We overrule issue one. Having determined the trial court properly granted Defendants' no-evidence motion for summary judgment, we need not address issue two pertaining to whether they conclusively established their affirmative defenses in their traditional motion for summary judgment. *See* Tex. R. App. P. 47.1.

## B. Motion for Summary Judgment: Defendants' Trespass Counterclaim

In his third issue, Dean argues that the trial court improperly granted summary judgment on Defendants' trespass claim against him, because they failed to establish that Dean committed trespass. Defendants counterclaimed against Dean for trespassing on their property and moved for traditional summary judgment on that claim. Defendants' summary judgment evidence included Dean's deposition testimony that he entered onto their property without consent. Specifically, Dean testified that he entered Defendants' property without Defendants' authorization; he parked equipment there and mowed without permission, despite understanding that the property was not his.

The requisite elements of trespass are: (1) entry (2) onto the property of another (3) without the property owner's consent or authorization. *Envtl. Processing*

*Sys., L.C. v. FPL Farming Ltd.*, 457 S.W.3d 414, 419, 424–25 (Tex. 2015); *OHAH, Ltd. v. LNG Builders, LLC*, No. 09-20-00292-CV, 2022 WL 16986573, at *7 (Tex. App.—Beaumont Nov. 17, 2022, pet. denied) (mem. op). A plaintiff asserting a trespass cause of action has the burden of proving it did not consent to defendant's entry onto the land. *Envtl. Processing Sys.*, 414 S.W.3d at 425; *OHAH, Ltd.*, 2022 WL 16986573, at *7. Despite his argument to the contrary, the summary judgment evidence in the form of Dean's deposition testimony showed that he entered Defendants' property without their consent or authorization, which conclusively established the elements of a trespass claim. *See Envtl. Processing Sys.*, 414 S.W.3d at 425; *OHAH, Ltd.*, 2022 WL 16986573, at *7. When Defendants established their trespass claim as a matter of law, the burden shifted to Dean to present evidence that raised a material fact issue. *See Walker v. Harris*, 924 S.W.2d 375, 377 (Tex. 1996); *see also* Tex. R. Civ. P. 166a(c). On appeal, Dean focuses on the element of consent, yet in the trial court he failed to present any summary judgment evidence controverting his own testimony that he was not authorized to enter the property. *See Walker*, 924 S.W.2d at 377; *see also* Tex. R. Civ. P. 166a(c). Since Dean failed to raise a fact material issue on whether he had consent, the trial court properly granted summary judgment on Defendants' trespass counterclaim. *See Walker*, 924 S.W.2d at 377; *see also* Tex. R. Civ. P. 166a(c). We overrule issue three.

C. Motion for Reconsideration: Attorneys' Fees

In Dean's final issue, he contends the trial court erred by awarding attorneys' fees on summary judgment because Defendants failed to establish their reasonable and necessary attorneys' fees as a matter of law. In support of this issue, Dean contends: 1) the interested witness rule applies to Defendants' counsel's affidavit, which is not clear, positive, direct, and free from contradictions; 2) Defendants failed to conclusively establish the billing rates were reasonable; 3) the fee is unreasonable in light of the damages awarded, thus creating a genuine issue of material fact; 4) attorneys billed for clerical or secretarial work and double-billed; 5) counsel failed to segregate recoverable from unrecoverable fees; and 6) the fees were not equitable and just.

Defendants moved for traditional summary judgment on their claim for attorneys' fees under Texas Civil Practice & Remedies Code section 37.009, arguing they had to defend against Dean's baseless and frivolous declaratory judgment action. Defendants argued that because the claims arose from the same set of operative facts, they could not be segregated. They supported their summary judgment motion with counsel's affidavit, which explained his use of the lodestar method and attached billing records. The trial court initially denied the summary judgment on the attorneys' fees. Although Dean argued in his Response to the Motion for Summary Judgment that the fees were not reasonable and necessary, he

included no competent summary judgment evidence controverting the reasonableness and necessity of the fees. On appeal, Dean also argues that the document he attached to his Response to the Motion for Summary Judgment shows the average billable rate for an attorney in the Conroe area is $225–$350; however, the trial court sustained Defendants' objection to this document.

After the trial court signed the Order granting Defendants' Motion for Summary Judgment but denying their request for attorneys' fees, Defendants filed a Motion for Reconsideration of Order Denying Defendants' Request for Attorneys' Fees Under the Declaratory Judgment Act. Dean filed a Response, Supplemental Response, and Amended Response to the Motion for Reconsideration. It was not until Dean's Supplemental Response and Amended Response that he attached his attorneys' controverting affidavit for the first time. Defendants replied to Dean's responses, arguing his failure to file a controverting affidavit before the summary judgment submission date established the reasonableness and necessity of Defendants' attorneys' fees. The trial court's Final Judgment stated that it "considered the pleadings and the evidence on file," and determined the Motion for Reconsideration was "meritorious and should be granted." The trial court incorporated "all prior rulings of the Court and its ruling granting the Motion for Reconsideration," into the Final Judgment, which among other things, awarded

Defendants their "reasonable and necessary attorneys' fees and expenses totaling $35,647.44."

i. Evidence the Trial Court Considered and Summary Judgment Record

We must first determine what evidence the trial court considered when determining the attorneys' fees issue. "A motion for reconsideration of a prior summary judgment is like a motion for new trial, and we review a trial court's ruling on a motion for reconsideration for an abuse of discretion." *Foussadier v. Triple B Servs., LLP*, No. 01-18-00106-CV, 2019 WL 2127604, at *3 (Tex. App.—Houston [1st Dist.] May 16, 2019, pet. denied) (mem. op.) (citing *Mullins v. Martinez R.O.W., LLC*, 498 S.W.3d 700, 705 (Tex. App.—Houston [1st Dist.] 2016, no pet.); *Chapman v. Mitsui Eng'g & Shipbuilding Co.*, 781 S.W.2d 312, 315 (Tex. App.—Houston [1st Dist.] 1989, writ denied)). Acting without reference to any guiding rules or principles or acting arbitrarily or unreasonably constitutes an abuse of discretion. *Carpenter v. Cimarron Hydrocarbons Corp.*, 98 S.W.3d 682, 687 (Tex. 2002); *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985).

On a motion for reconsideration of a motion for summary judgment, "the trial court ordinarily may consider only the record as it existed when it first heard and ruled on the summary judgment motion." *Foussadier*, 2019 WL 2127604, at *3 (citations omitted). A party may not file summary judgment evidence late unless it

28

has leave of court. *See Benchmark Bank v. Crowder*, 919 S.W.2d 657, 663 (Tex. 1996). Rule 166a(c) requires a nonmovant's summary judgment evidence to be on file at least seven days before the hearing. *See* Tex. R. Civ. P. 166a(c). A trial court may accept late-filed evidence, even after summary judgment, if the court "affirmatively indicates in the record that it accepted or considered the evidence." *Mathis v. RKL Design/Build*, 189 S.W.3d 839, 842–43 (Tex. App.—Houston [1st Dist.] 2006, no pet.); *see also Foussadier*, 2019 WL 2127604, at *4.

While the trial court specified she considered the Motion for Reconsideration and "pleadings and evidence on file," she also incorporated her prior rulings, in which she struck a late filed First Amended Response and attached evidence, because Dean failed to obtain leave. The Final Judgment does not explain what the trial court meant by its general reference to "evidence on file." In *Foussadier*, a 2019 case from the First Court of Appeals, our sister court determined that where the trial court recited it considered "evidence" such was insufficient to affirmatively show that the trial court considered the late-filed evidence. *See Foussadier*, 2019 WL 2127604, at *5 (citing *NMRO Holdings, LLC v. Williams*, No. 01-16-00816-CV, 2017 WL 4782793, at *5 (Tex. App.—Houston [1st Dist.] Oct. 24, 2017, no pet.) (mem. op.)). Ultimately, our sister court in *Foussadier* determined that because the order did not expressly state the trial court considered the evidence attached to the motion for reconsideration, the court did not consider that evidence. *See id.* This

29

is like the situation before us, where the trial court considered the Motion for Reconsideration but only generally acknowledged the pleadings and "evidence on file." Ordinarily, the trial court may only consider the evidence in the summary judgment record that existed when it first ruled on the summary judgment motion. *See id.* at *3. Since the Final Judgment does not affirmatively indicate that the trial court specifically considered the controverting affidavit attached in Dean's Supplemental and Amended Response to the Motion for Reconsideration, we conclude it was not part of the evidence in the summary judgment record the trial court reconsidered. *See id.*

ii. Propriety of Attorneys' Fees Award

Having determined that there was no controverting affidavit on file addressing the attorneys' fees at the time of the summary judgment hearing, we now turn to whether the affidavit of Defendants' counsel established the reasonableness and necessity of their fees under section 37.009.

> [T]o secure an award of attorney's fees from an opponent, the prevailing party must prove that: (1) recovery of attorney's fees is legally authorized, and (2) the requested attorney's fees are reasonable and necessary for the legal representation, so that such an award will compensate the prevailing party generally for its losses resulting from the litigation process.

*Rohrmoos Venture v. UTSW DVA Healthcare LLP*, 578 S.W.3d 469, 487 (Tex. 2019). Under the Uniform Declaratory Judgment Act ("UDJA"), "the court may award costs and reasonable and necessary attorneys' fees as are equitable and

just." Tex. Civ. Prac. & Rem. Code Ann. § 37.009. A party defending against a UDJA claim may also recover fees. *See Devon Energy Prod. Co. v. KCS Res., LLC*, 450 S.W.3d 203, 221–22 (Tex. App.—Houston [14th Dist.] 2014, pet. denied) (determining attorneys' fees were recoverable for defending a claim under the UDJA even where trial court ultimately determined it lacked subject matter jurisdiction over the declaratory judgment action).

The reasonableness of attorney's fees is generally a fact question. *See, e.g., Bocquet v. Herring*, 972 S.W.2d 19, 21 (Tex. 1998); *BBX Operating, LLC v. Am. Fluorite, Inc.*, No. 09-19-00278-CV, 2021 WL 3196514, at *22 (Tex. App.—Beaumont July 29, 2021, pet. denied) (mem. op.). Yet "the affidavit of the attorney representing a claimant constitutes expert testimony that will support an award of attorney's fees in a summary judgment proceeding." *Haden v. David J. Sacks, P.C.*, 332 S.W.3d 503, 513 (Tex. App.—Houston [1st Dist.] 2009, pet. denied); *Tesoro Petroleum Corp. v. Coastal Ref. & Mktg., Inc.*, 754 S.W.2d 764, 767 (Tex. App.—Houston [1st Dist.] 1988, writ denied). An interested or expert witness's uncontroverted testimony can support summary judgment if "the evidence is clear, positive and direct, otherwise credible and free from contradictions and inconsistencies, and could have been readily controverted." Tex. R. Civ. P. 166a(c). "[W]hen a movant includes a prayer for attorney's fees in its summary-judgment motion, an attached affidavit may be considered as proof of the attorney's fees

incurred." *Lion Co-Polymers Holdings, LLC v. Lion Polymers, LLC*, No. 01-16-00848, 2018 WL 3150863, at \*15 (Tex. App.—Houston [1st Dist.] 2018, pet. denied) (mem. op.) (citing *Petrello v. Prucka*, 415 S.W.3d 420, 431 (Tex. App.—Houston [1st Dist.] 2013, no pet.) (awarding fees under the Declaratory Judgment Act)). "'[C]lear, direct, uncontroverted evidence of attorney's fees is taken as true as a matter of law, especially when the opposing party has not rebutted the evidence.'" *Med. Hosp. of Buna Tex., Inc. v. Wheatley*, 287 S.W.3d 286, 295 (Tex. App.—Beaumont 2009, pet. denied) (quoting *Collins v. Guinn*, 102 S.W.3d 825, 836 (Tex. App.—Texarkana 2003, pet. denied)) (discussing attorneys' fees in the context of a dismissal under the Medical Liability Act). "Unless a controverting affidavit is filed, an affidavit as to the amount of attorney's fees is presumed reasonable." *Petrello*, 415 S.W.3d at 431; *see also Wheatley*, 287 S.W.3d at 295.

If a movant presents expert testimony in support of attorney's fees, the burden shifts to the non-movant to raise a fact issue. *Jordan v. Centerpoint Energy Hous. Elec., LLC*, No. 14-18-00663-CV, 2019 WL 5565978, at \*10 (Tex. App.—Houston [14th Dist.] Oct. 29, 2019, pet. denied) (mem. op.). Absent controverting evidence, the movant's affidavit will support summary judgment. *Id.* at \*9; *Tesoro*, 754 S.W.2d at 767. "If an attorney's affidavit regarding fees is properly controverted by an opposing attorney, a fact issue is raised on reasonableness and summary judgment is precluded." *Sun Tec Comput., Inc. v. Recovar Grp., LLC*, No. 05–14–00257–CV,

2015 WL 5099191, at *5 (Tex. App.—Dallas Aug. 31, 2015, no pet.) (mem. op.); *see also Jordan*, 2019 WL 5565978, at *10. To constitute competent summary judgment evidence, an affidavit must be based on personal knowledge, set forth facts that would be admissible in evidence, and affirmatively show the affiant's competence to testify as to the matters contained there. Tex. R. Civ. P. 166a(f).

Defendants' summary judgment evidence supporting its request for attorneys' fees included the affidavit of their attorney, along with itemized billing records and invoices. Counsel described his experience, his familiarity with the case and subject matter, the hourly rate charged explaining that it was reasonable considering the location and subject matter of the litigation. He segregated the claims by estimating that eighty percent of his time was spent defending "the negligence, negligence per se, Texas Water Code Section 11.086, and trespass claims[, and] Plaintiff's declaratory judgment action is predicated on the same facts relating to these claims and, therefore, is inextricably intertwined with these claims." *See Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 314 (Tex. 2006) (explaining that separate time entries are not required and allowing for an opinion setting forth a percentage was permitted); *Sheffield Dev. Co. v. Carter & Burgess, Inc.*, No. 02-11-00204-CV, 2012 WL 6632500, at *16 (Tex. App.—Fort Worth Dec. 21, 2012, pet. dism'd) (mem. op.) (concluding that affidavit estimating percentage of time attributable to claims allowing for recovery of attorney's fees that also set forth other requisite information

was sufficient to support summary judgment awarding fees). Counsel also described the various claims in the litigation, the tasks performed, and the billing records showing who worked on what tasks, how long each worked on the task, and the hourly rate each charged. He outlined the lodestar factors and averred he considered them in determining the reasonable hourly rate. *See El Apple I, Ltd. v. Olivas*, 370 S.W.3d 757, 761–63 (Tex. 2012) (discussing lodestar method). He also included a total number of hours the attorneys reasonably worked on the litigation, and he concluded that based on the rates and hours worked that $35,647.44 was a reasonable fee for the work performed.[1] The amount reflected eighty percent of the total fees incurred. Even assuming Dean's complaints about the segregation of fees in Response to the Motion for Reconsideration preserved error, as explained above, Defendants' counsel assigned a percentage to the claims that were "inextricably intertwined" with the declaratory judgment action, a permissible way to segregate fees. *See Chapa*, 212 S.W.3d at 314; *Sheffield Dev. Co.*, 2012 WL 6632500, at *16. Despite Dean's arguments challenging the reasonableness of the fees and allegations of double-billing or billing for secretarial work, such arguments are not evidence.

---

[1]Counsel's affidavit explained that the amount of $33,647.44 included, as shown in the attached invoices, and there was an additional $2,000 for an upcoming invoice. Calculations reveal this total amount is eighty percent of the $42,059.33 in fees incurred in the litigation and was consistent with counsel's affidavit that he estimated he spent eighty percent of the time defending claims that were "inextricably intertwined" with the UDJA claim.

*See Johnson v. Scott*, 113 S.W.3d 366, 373 (Tex. App.—Beaumont 2003, pet. stricken) ("motions and arguments of counsel are not evidence"); *see also Fallon v. MD Anderson Physicians Network*, 586 S.W.3d 58, 75 (Tex. App.—Houston [1st Dist.] 2019, pet. denied) ("Motions, arguments of counsel, and bare assertions are not evidence.").

Once the Defendants presented this evidence, the burden shifted to Dean as the nonmovant to provide controverting evidence raising a genuine issue of material fact about the reasonableness of the fees. *See BBX Operating, LLC*, 2021 WL 3196514, at *22; *Jordan*, 2019 WL 5565978, at *10. Absent controverting evidence from Dean, the affidavit of Defendants' counsel supported the reasonableness and necessity of the fees on summary judgment. *See Jordan*, 2019 WL 5565978, at *9; *Tesoro*, 754 S.W.2d at 767. As we have discussed, the trial court's review of the attorneys' fees on the Motion for Reconsideration was limited to the evidence at the time it ruled on the summary judgment, which did not include an affidavit controverting Defendants' attorneys' fees. *See Foussadier*, 2019 WL 2127604, at *3; *Benchmark Bank*, 919 S.W.2d at 663.

Finally, Dean argues the award of fees was not "equitable and just" based on the same complaints addressed above and that Defendants received a nominal damages award. Under the UDJA, a trial court has broad discretion in determining whether to award attorney's fees. *See Bocquet*, 972 S.W.2d at 20. We will reverse

an award attorney's fees under the UDJA "only if the lower court abused its discretion by either (1) awarding fees when there was insufficient evidence that the fees were reasonable and necessary or (2) acting arbitrarily, unreasonably, or without regard to guiding legal principles in its determination that the fees awarded were equitable and just." *Merzi v. Brumfield*, No. 09-21-00340-CV, 2023 WL 4113242, at *8 (Tex. App.—Beaumont June 22, 2023, no pet.) (mem. op.) (citing *Bocquet*, 972 S.W.2d at 21). Dean has the burden of proving the trial court abused its discretion in awarding attorneys' fees under the UDJA. *See id*. On the record before us, we conclude Dean failed to meet his burden to establish the trial court abused its discretion in awarding the attorney's fees.

We conclude that there was sufficient evidence presented to the trial court that the fees were reasonable and necessary, and the amount awarded by the trial court was reasonable, based upon guiding legal principles, and related to the defense of the declaratory judgment action filed by Dean. The trial court was free to conclude that the amount awarded was equitable and just considering the circumstances, including Defendants' success in defending Dean's declaratory judgment and that the defense of the declaratory judgment was inextricably intertwined with a defense of Dean's other claims as described in counsel's affidavit. *See id*. We conclude the trial court did not err in awarding attorneys' fees under section 37.009. We overrule this issue.

36

# IV. CONCLUSION

Having determined that Dean failed to present evidence raising a genuine issue of material of fact on the element of causation for each of his claims in response to Defendants' No-Evidence Motion for Summary Judgment, and the trial court did not err in granting summary judgment for Defendants. *See* Tex. R. Civ. P. 166a(i). We also hold that Defendants established their trespass counterclaim and the trial court properly granted the traditional summary judgment on that claim. *See* Tex. R. Civ. P. 166a(c). Likewise, we affirm the trial court's award of Defendants' attorneys' fees. Accordingly, we affirm the trial court's judgment.

AFFIRMED.

W. SCOTT GOLEMON
Chief Justice

Submitted on June 29, 2023
Opinion Delivered September 28, 2023

Before Golemon, C.J., Johnson and Wright, JJ.